## ARKANSAS VALLEY PETROLEUM CORPORATION et al. v. TWYFORD et al.

No. 26698.    Feb. 2, 1937.

Harper & Lee, for plaintiffs in error.

William J. Crowe, for defendants in error.

PER CURIAM. On October 16, 1933, plaintiffs sued defendants in the district court of Tulsa county, Okla., claiming that the defendant Shell Petroleum Corporation had refused to pay plaintiffs for certain oil runs from a lease owned by the plaintiffs, and alleged that Twyford and Smith were claiming the funds arising from the oil runs by reason of a certain assignment made to them by plaintiffs; such instrument purporting to assign to Twyford and Smith 1/16 of the oil and gas produced until they had received $5,000; that said contract was given as collateral to secure the payment to Twyford and Smith of an attorney's fee which was to be paid by the delivery to them of W. F. Wilcox Oil & Gas Company's stock of the par value of $5,000. Plaintiffs tendered such stock and alleged a refusal to accept by Twyford and Smith.

Shell Petroleum Corporation filed an answer admitting that it had $5,500 arising from the sale of oil and gas from the lease in question. It alleged it was only a stakeholder, and that Twyford and Smith claimed the fund. The money was paid into court by the Shell Petroleum Corporation.

Twyford and Smith filed an answer and cross-petition, in which they pleaded their right to the fund deposited to the extent of the balance due them, with 6 per cent. interest.

Reply was filed by the plaintiffs in which they contended that the contract of Twyford and Smith was given as security for the delivery to Twyford and Smith of the Wilcox Company stock, and further that the contract was given to secure the payment of an attorney's fee. Plaintiffs, by their reply, also sought a reformation of such contract, and claimed that the same was given without any consideration; that Twyford and Smith procured the execution of said contract of assignment by fraud and misrepresentation, in that Twyford represented to plaintiff Diffie that the same would only be considered as collateral security for the delivery to Twyford and Smith of $5,000 par value in preferred stock of Wilcox Company; that Mr. Twyford agreed with Mr. Diffie that upon delivery to Mr. Twyford of such Wilcox stock, said assignment would be released. Plaintiffs prayed for cancellation of the assignment. Defendants Twyford and Smith filed a reply of general denial.

The case was tried by the court without a jury, and the court made general findings of fact. The trial court found that the contract of assignment was not given as security but was given in payment of $5,000 due by plaintiffs for services rendered by Twyford and Smith.

Plaintiffs seek a reversal of the judgment, for the reason that the evidence offered did not sustain the burden cast upon the defendants.

The burden of proof was on the plaintiffs. They contended that the contract of assignment was given as collateral and not as a contract for the payment of the $5,000.

A careful examination of the evidence contained in the record discloses that the trial court was correct in its findings of fact, and such findings are binding upon appeal to this court. Knights of Maccabees v. Johnson, 79 Okla. 77, 185 P. 82; Harris v. Kerns, 144 Okla. 225, 291 P. 100; Denison v. Phipps, 87 Okla. 299, 211 P. 83.

The judgment of the trial court is correct and should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Adrian Melton, D. M. Cavaness, and Reford Bond, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Melton and approved by Mr. Cavaness and Mr. Bond, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.