## SALYER OIL CO. v. MILLER.

Nos. 27601, 27790.   Oct. 19, 1937.

Rehearing Denied Nov. 9, 1937.

Sam S. Gill, for plaintiff in error.

Hugh M. Bland and Frank C. Crouch, for defendant in error.

GIBSON, J. This is a personal injury action from the district court of Oklahoma county. The defendant in error is referred to herein as plaintiff, and plaintiff in error as defendant.

Jury was waived, and trial to the court resulted in a judgment for plaintiff. Appeal in due course was taken to this court,

and the defendant thereafter filed its motion for new trial on the ground of newly discovered evidence. The motion was overruled and defendant has appealed from the **order**. The appeals are consolidated for purposes of review of said judgment and order.

The defendant was the owner and operator of an automobile service station in Oklahoma City, and maintained on the parking in front of said station a large unanchored sign for advertising purposes. The parking referred to is the unpaved ground between the curb and the concrete sidewalk.

Plaintiff charges that the defendant carelessly and negligently, and in violation of city ordinance, placed said sign on the concrete sidewalk in front of its place of business, and that the plaintiff, while walking upon said sidewalk at night, caught her foot in a guy wire attached to the sign and suffered injuries thereby as specified in the petition.

Defendant's answer was a general denial and plea of contributory negligence. It is alleged that plaintiff left the concrete walk and crossed the unpaved parking where she came in contact with the sign.

The allegations of the petition are to the effect that the defendant by placing the sign upon the concrete sidewalk was guilty of actionable negligence, and, further, that the defendant in placing the sign at any point between the curb and the adjacent property line violated the provisions of certain city ordinances set out in the petition, and was therefore guilty of negligence per se, which act in any event constituted original negligence setting in motion the act of placing the sign on the concrete walk directly in the path of plaintiff.

The trial court rendered judgment on its general finding in favor of the plaintiff,

The assignments of error question the sufficiency of the evidence to sustain the foregoing judgment, and the trial court's action in overruling the motion for new trial based upon the ground of newly discovered evidence.

Our review of the evidence under the first assignment is restricted to a determination of whether there was any competent evidence reasonably tending to support the

finding and judgment of the trial court; in a law action, where jury is waived, the trial court's finding under such circumstances is not disturbed on appeal. Golden v. Griffin Grocery Co., 158 Okla. 236, 13 P. (2d) 188; Arkansas Valley Pet. Corp. v. Twyford, 179 Okla. 128, 65 P. (2d) 181.

Plaintiff's allegation of negligence per se based upon defendant having placed the sign at any point between the curb and the property line in violation of ordinance is not sustained by the evidence. The ordinances pleaded prohibit such act, but recognize exceptions as expressed in other ordinances. There is no evidence tending to show that defendant's act in placing the sign on the parking or on the concrete walk did not fall within the exceptions contained in other ordinances and recognized and referred to in the ordinances pleaded. If the act complained of had been unlawful as being in violation of ordinance, and causal connection established between the unlawful act and the injury, the injured party would have a cause of action based upon negligence per se, but if the statute out of which the wrongful act springs, or the cause arises, contains exceptions, the plaintiff must negative the exceptions. In the case of Kemper v. Gluck, 39 S. W. (2d) 330, the Supreme Court of Missouri held:

"Where a statute giving a right of action contains exceptions, the plaintiff stating a cause of action on the statute must negative the exceptions."

We think the rule correctly states the law, and is applicable to the circumstances here presented. The plaintiff in the instant case failed to negative the exception either by her pleading or by her evidence.

The evidence is that the sign in question was at all times, except immediately prior to and at the time of the injury, located and maintained upon the parking between the curb and the concrete walk. It was securely anchored to that location, but was capable of being moved by one or two men. There is evidence, and defendant now admits, that the sign was upon the walk at the time of the injury. There is no evidence that defendant placed the sign there.

If the trial court's finding of negligence is to be sustained, such finding must be based, not upon negligence per se, but upon the inference of negligence arising from the facts in evidence under the doctrine of res ipsa loquitur. Although specific acts of negligence were pleaded and the same were capable of proof by direct evidence, the trial court was justified in applying the aforesaid rule if the evidence so warranted, for, as stated in Guilford v. Foster & Davis, Inc., 131 Okla. 148, 268 P. 299:

"Where, in an action founded on negligence a part of plaintiff's case is such that the rule of res ipsa loquitur is applicable thereto, the rule will be applied to that part, though other parts of plaintiff's case may be capable of proof by direct evidence of specific acts of negligence alleged."

The circumstances surrounding the accident in this case, as shown by the evidence, were sufficient to justify the trial court in applying the rule of res ipsa loquitur and to warrant the inference that the injury was the direct and proximate result of defendant's negligence. When the circumstances warrant, the rule is applied, as held in Sand Springs Park v. Schrader, 82 Okla. 244, 198 P. 983, as follows:

"The phrase 'res ipsa loquitur' is 'merely a short way of saying that the circumstances attendant upon an accident are themselves of such character as to justify a jury in inferring negligence as to the cause of the accident.' Cohen v. Farmers Loan & Trust Co., 70 Misc. Rep. 551, 127 N. Y. Supp. 564, 565."

Here a city sidewalk for the exclusive use of pedestrians was obstructed at night in an unwonted and negligent manner by an article shown to be under the exclusive management and control of the defendant. It caused plaintiff's injury. The evidence clearly reveals that the occurrence was of such character that, in the light of ordinary experience, it was without explanation except on the theory of negligence. Such circumstances form a proper basis for the application of the doctrine of res ipsa loquitur. 45 C. J. 1214, sec. 781; see, also, Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419.

The negligence of defendant was therefore established by sound and reliable inference, not based upon mere conjecture or speculation, and defendant, failing to assume its burden, made no attempt to offer evidence to explain, rebut or otherwise overcome the inference that the injury was due to its own negligence. 45 C. J. 1219, sec. 783; see, also, Muskogee Electric Traction Co. v. Eaton, 49 Okla. 344, 152 P. 1109. It merely attempted to prove that the sign

was at all times on the parking and not on the concrete walk. With this particular phase of the case in mind, the second assignment of error is to be considered.

The sufficiency of the form and the propriety of the manner and time of presentation of the motion for new trial on the ground of newly discovered evidence are not disputed here. We are concerned only with whether the newly discovered evidence fulfills the rule regarding the granting of a new trial on that ground. The rule is stated in Missouri-Kansas-Texas Ry. Co. v. Embrey, 168 Okla. 433, 33 P. (2d) 481, as follows:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

Defendant produced one J. R. Tims of Wetumka who makes affidavit, and testifies by deposition, to the fact that he arrived in Oklahoma City the night of the accident, and, on account of car trouble, stopped in the street across from defendant's service station about 11 o'clock. He went to the station to telephone for aid and found the station closed for the night. The sign was not then on the walk. He went elsewhere to phone, and on his return, while waiting in his car, he saw two men, apparently drunk, come down the street, take hold of the sign and drag it onto the concrete walk and proceed on their way. This evidence goes into considerable detail concerning the alleged occurrence, and would clearly reveal that the sign was moved onto the walk a few minutes prior to the accident. The witness had gone from the scene before the accident occurred.

This evidence, if produced at a new trial, would probably change the result of the cause. It tends to explain or rebut the inference that defendant itself placed the sign upon the concrete walk. Thus it would discharge, or have a strong tendency to discharge, the burden cast upon defendant of explaining to the satisfaction of the court or jury the presence of the sign upon the sidewalk. Ordinarily, the jury, or, in the instant case, the court, should have the opportunity to consider such evidence in opposition to that from which the inference of defendant's primary negligence arose. The evidence was discovered subsequent to the trial. In reason, the defendant by the exercise of due diligence could not have learned of the existence of this witness prior to the trial, a witness who lived in a distant city, who had gone from the scene apparently without comment and knew nothing of the accident until after the trial.

Contrary to plaintiff's contention, the evidence is material to the issues, the only important issue upon which the judgment was based. It is not cumulative to the former evidence because there was no evidence on the particular point produced at the trial, and does not tend to impeach former evidence offered on that issue, but would merely supply evidence on a material issue where none existed.

We are of the opinion that the motion for new trial meets all the requirements necessary to the granting of new trial on the ground of newly discovered evidence, and that the trial court, therefore, erred in overruling the motion.

The judgment is accordingly reversed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.