## NORTH v. HASKETT.
## SAME v. DOUGLAS et al.

Nos. 33477, 33478. Nov. 1, 1949.

*211 P. 2d 279.*

Banker & Bonds, of Muskogee, for plaintiff in error.

James F. Haning, of Wewoka, for defendants in error.

ARNOLD, V. C. J. These suits were brought in the district court of Seminole county to quiet title to property within street improvement districts of Wewoka against known and unknown holders of street improvement bonds. In accordance with the prayer of the petition, title to the property involved was quieted, the lien of the special assessments was canceled, and the clerk of the city of Wewoka and the county treasurer of Seminole county were directed to cancel the special assessments upon the records against the properties involved.

In each case the petition alleged the levy of special assessments and the issuance of street improvement bonds; that the bonds were more than three years past due; that the claims and liens of the bondholders had been extinguished by lapse of time; that no attempt had been made by the bondholders to collect unpaid assessments either by foreclosure or "by sale through the county treasurer as provided by law"; and that said owners claimed some right, title and interest in the property adverse to plaintiff.

The proof showed, according to the assertion of plaintfif in error, North, defendant below, all that was necessary to sustain the judgment quieting the title, canceling the assessment, and absolving the property of the lien except proof that no bondholder had certified his willingness, during the time limited, to accept refunding bonds.

All parties concede here that the 1939 Act (chapter 33, page 156, S. L. 1939) has been held constitutional by this court (Baccus, Co. Treas., v. Banks, 199 Okla. 647, 192 P. 2d 683), and that this action was brought and prosecuted under and by virtue of section 242 thereof.

The question of the insufficiency of the petition to state a cause of action and the proof to sustain the judgment entered was asserted and the point preserved throughout the course of the proceedings.

In connection with the only question necessary to be determined by us, the defendant asserts that no allegation or proof was made that the bondholder had not asserted his willingness to accept refunding bonds before the three-year limitation provided by section 242 of the Act had expired. The section provides:

"From and after the effective date of this Act, the right of any holder to enforce the lien of any 'Street Improvement Bond' issued under authority of

Chapter 10, Article 12, Oklahoma Revised Laws of 1910, or of any 'Street Improvement Bond' or 'Refunding Street Improvement Bond' issued under any authority contained in Chapter 33, Article 14, Oklahoma Statutes of 1931, and statutes supplementary and amendatory thereto, by foreclosure, mandamus, refunding or otherwise, shall be barred upon the expiration of three years immediately following the maturity date named in the face of such bond, unless the holder of any such bond shall have commenced suit to foreclose his lien by filing an action for that purpose and procuring service of summons therein or shall have evidenced his willingness to accept Street Improvement Refunding Bonds issued under the provisions of this Act, in exchange therefor, prior to the expiration of said three year period of limitation; Provided, however, that in all cases where the period of limitation herein mentioned has expired or will expire prior to November 1, 1939, the holder of such bonds shall have until December 1, 1940, in which to pursue his remedy or obtain the benefits of this Act. The running of the period of limitation herein fixed shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead as a defense or not, and the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds."

In construing the foregoing provisions of the Act and determining the question presented, it should be kept constantly in mind that this is a suit to quiet title against a theretofore valid lien supporting validly issued street improvement bonds, which lien is said to have been absolved by operation of law because the statute of limitation provided by the Act had run, by reason of the fact the owners of the bonds had not done the things required to prevent the running of the statute and the absolution of the assessment lien. This is an affirmative action to quiet title against the cloud of a lien valid in its inception which is alleged to have been absolved by reason of the limitation having run against the bonds

which it supported. This is not an action by a bondholder after the expiration of the time limit.

By the plain import of the foregoing section of the statute, the limitation therein provided does not effectively run and the lien of the street improvement assessment is not affected unless the holder of the bond, validly issued, has failed within the limitation of time prescribed (1) to bring a suit to foreclose, or (2) has evidenced his willingness to accept street improvement refunding bonds, as therein prescribed.

There is no limitation under this provision unless the bondholder fails for three years after maturity of the bonds to file suit to foreclose or to assert his willingness to take refunding bonds in exchange, all as provided by the section. If he has done either within the limit of time prescribed his lien is not affected but continues. Its continuance and preservation and the effective running of the time limit are dependent upon his failure to exercise one of the rights granted. The burden is on the one claiming the applicability of the limitation to assert and prove not only the expiration of the time, but its limitation by reason of the bondholder's failure to file suit or assert his willingness to accept refunding bonds. Proof that no suit was brought within the limited period of time does not supply proof that the bondholder did not evidence his willingness to accept refunding bonds within three years after the maturity of the bonds. Proof of such contingency, not made here, is just as necessary as was proof, which was made, that no suit was brought within the limit of time prescribed. Both are precedent conditions.

We think it is clear that the clause in section 242 of the Act, beginning with the word "unless," constitutes an exception to the operation of the three-year limitation prescribed by the preceding language of the section. Unless the bondholder has omitted to commence an action to foreclose his lien, or as an alternative thereto has failed

to evidence his willingness to accept refunding bonds under the terms of the Act, his right to do so after the expiration of the limitation prescribed is barred. Conversely, unless plaintiffs by the allegations of fact in their petitions show to the court that the bar of the statute has fallen by reason of the failure and omission of the bondholder to take proper steps to continue his lien in force, such petitions are insufficient upon their face to exclude the bondholders from the exception expressly made in their favor by the language of the limitation enactment. Until the facts alleged and proven show the exclusion of the bondholder from the benefits of the exception, no present existing right in plaintiffs is shown to have their titles quieted by judgment.

In order for plaintiffs to have a present right to the quieting of their titles by a judgment, they must plead all of the facts necessary to show that the lien against their properties has been "absolved" by a failure of the bondholders to toll the special period of limitation by either of the methods permitted by the exception stated. In 49 C. J. 153, sec. 169, the rule here applicable is thus stated:

"Where a party relies on a statute which contains an exception in the enacting clause, or clause creating and defining the right or liability asserted, such exception must be negatived in the initial pleading, but where the exception occurs in a proviso or in a subsequent section of the act, such exception is matter of defense and need not be negatived. In this connection, however, the position in the statute of the words making the exception is not necessarily controlling, as the true test is whether the exception is so incorporated with the substance of the clause defining the right, duty, liability, or offense as to constitute a material part of the description of the acts, omissions, or other ingredients thereof."

To the same effect is the following language from 41 Am. Jur. 355, sec. 94:

"The courts frequently apply the rule that when an exception appears in (or, as it is sometimes expressed, is 'incorporated in' or 'contained in' or 'forms a necessary part of') the enacting clause of a statute, the party relying upon the statute must allege facts showing that the case at hand does not fall within the exception."

In the case of Bailey Trading Co. v. Levy, 72 Cal. A. 339, 237 P. 408, this rule was discussed and applied in answering the question as to the sufficiency of the petition in that case as follows:

"In construing the complaint to determine what the answer to that question should be, we must keep in mind the proposition that the relief sought herein is one which is alone afforded or authorized by statute—that is to say, the plaintiffs are relying upon a right given solely by statute, and that the rule is that where an action is founded on a statutory right or a right deducible wholly from statute, the plaintiff must, by his complaint, bring himself squarely and clearly within the terms or provisions of the statute upon which he relies or must rely to state a cause of action. 'When a pleader wishes to avail himself of a statutory privilege or right given by particular facts, he must show the facts, and those facts which the statute requires as a foundation of the action must be stated in the complaint . . . . In remedial actions founded on a statute such averments must be made as are necessary to prove the case within the statute.' Sutherland on Code Pleading and Practice, §5630. See, also, Dye v. Dye, 11 Cal. 163, 167, 168; Himmelmann v. Danos, 35 Cal. 441, 448; County of San Luis Obispo v. Hendricks, 71 Cal. 242, 246, 11 P. 682."

That the rule of pleading announced in the above-quoted authority is generally recognized and approved is shown by the long list of citations in the footnotes, which are too numerous and copious to be copied here, but may be found in 130 A. L. R. 437. See, also, Salyer Oil Co. v. Miller, 181 Okla. 171, 73 P. 2d 147.

In view of the plain provisions of the foregoing statute, we are compelled to hold that one who asserts that the lien

on street improvement bonds is absolved and should be canceled as a cloud on the title of his property because the limitation provided by section 242 has effectively run, must allege and prove that suit was not commenced to foreclose the lien nor willingness to accept street improvement refunding bonds in exchange was evidenced, as prescribed, within three years after the maturity date set forth in the face of the bond. The running of the statute being specifically conditioned, in the enacting clause of the statute, upon failure of the bondholder to do either, both must be alleged to state a cause of action based entirely upon the running of the statute which allegations must be proven.

The trial court erred in overruling defendant's demurrer to plaintiff's petition.

The judgments are reversed for further proceedings not inconsistent with the views herein expressed.