**Michael A. ELZEY, Appellant,**

v.

**William J. FORREST, Appellee.**

**No. 64454.**

Supreme Court of Oklahoma.

June 30, 1987.

---

Rex D. Brooks, Oklahoma City, for appellant.

Ben A. Goff, Oklahoma City, for appellee.

LAVENDER, Justice:

Appellant, Michael A. Elzey, began working for appellee Dr. William J. Forrest, on a farm owned by Dr. Forrest in July of 1983. This employment was at first part time in nature but became full time in May 1984. Appellant's job duties consisted of spending three quarters of his work time doing welding assembly on cattle handling equipment which had been developed by Dr. Forrest. The rest of appellant's time consisted of farm work and running errands involving the farm and the cattle handling equipment.

On September 18, 1984, appellant was injured when a piece of pipe fell off the top of the equipment he was working on and struck him in the back of the neck. Appellant saw a doctor the next day and was subsequently hospitalized following several black out spells. Appellant returned to

work on October 24, 1984, but was fired by Dr. Forrest on November 1, 1984.

Appellant subsequently brought this action alleging that his firing had been motivated by his pursuit of a workers' compensation claim for permanent partial disability resulting from the September 18, 1984 injury. A jury was selected and seated to hear the cause. The trial court, however, at the close of appellant's evidence, sustained a demurrer to that evidence and rendered judgment for appellee. Appellant appealed from that ruling.

The Court of Appeals, Division I, to which this appeal was initially assigned, reversed the judgment of the trial court and remanded the cause for new trial. The Court of Appeals found that the evidence presented by appellee established a prima facie case to support recovery under 85 O.S.1981 § 6. Appellee then petitioned this Court for writ of certiorari contending that the Court of Appeals had dealt with a question of substance not previously determined by this Court and that the Court of Appeals had failed to address appellee's arguments regarding the necessary elements of a prima facie case under the retaliatory discharge provisions of our workers' compensation legislation.[1] We have previously granted the requested writ.

The Court of Appeals, in reaching its decision, did not address the question of the elements necessary to establish a prima facie case of retaliatory discharge. Its finding was limited to the statement that appellant had met his burden of proof. The text of 85 O.S.1981 § 5, provides:

> No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall

be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

Appellee argues that this provision requires that a plaintiff in an action based on a claim of retaliatory discharge must prove: 1) that his actions in initiating or participating in the proceedings under the workers' compensation legislation were taken in good faith; and 2) that he was physically able to perform assigned duties when he was discharged.

■ Subsequent to the Court of Appeals' decision in this case, this Court decided the case of *Thompson v. Medley Material Handling, Inc.*,[2] in which it was stated:

> The statute creating the cause of action for retaliatory discharge, 85 O.S. 1981 § 5, provides that an employee may not be discharged because of the exercise of rights under the Workers' Compensation Act. If retaliation plays a significant part in an employer's decision to place an employee among a list of those to be laid off for economic reasons, that employee has been discharged because of the exercise of rights granted under statute. We hold that when retaliatory motivations comprise a significant factor in an employer's decision to terminate an employee, even though other legitimate reasons exist to justify the termination, the discharge violates the intent of section 5.
>
> The import of 85 O.S.1981 § 6, is to place upon the plaintiff in a retaliatory discharge case the burden of proving that retaliation for the exercise of rights granted under the Workers' Compensation Act played a significant part in the employer's decision to terminate that plaintiff.

The significant factor standard has been explained by the Sixth Circuit Court of Appeals,[3] as imposing a more lenient standard than the "but for" test, but requiring a showing of more than a mere causal link. While a factor may be a cause without

---

1. 85 O.S.1981 §§ 5, 6 and 7.

2. 732 P.2d 461, 463 (Okla.1987).

3. *Polk v. Yellow Freight System, Inc.*, 801 F.2d 190, 199 (6th Cir.1986).

being significant, only the establishment of retaliation as a significant factor is sufficient to support a prima facie case of retaliatory discharge.

■■ We agree with appellee, however, that the plain language of section 5 indicates that the protection of that section is only intended to be extended to activities indicated when those actions are taken in good faith. We also agree that section 5 does allow an employer to discharge an employee physically unable to perform his job duties. In *Pierce v. Franklin Electric Co.*[4] this Court stated:

The final sentence of § 5 provides that an employer shall not be required to re-hire or retain an employee who is physically unable to perform his job duties. This statutory language demonstrates a legislative concern for undue interference with the employment relationship. An employer must operate economically and should be allowed to purchase the services his business requires. The proviso suggests that an employee's physical capacity may constitute a legitimate nondiscriminatory reason for an employment decision. In short, to prohibit an employer from terminating a disabled employee for his absence would be unnecessarily intrusive and contrary to legislative intent. (footnotes omitted)

The question presented is whether a plaintiff, such as appellant, must, as alleged by appellee, present evidence to establish the good faith of his actions and his physical abilities to state a prima facie case, or whether the question of bad faith and physical infirmity would provide legitimate reasons for termination which an employer, such as appellee, might assert in defense to a retaliatory discharge action.

In the case of *Hughes Tool Co. v. Richards,*[5] the Court stated:

In our view, the plaintiff in a suit under art. 8307c has the burden of estab-

lishing a causal link between the firing and the employee's claim for worker's compensation benefits. Once the link has been established the employer must rebut the alleged discrimination by showing there was a legitimate reason behind the discharge....

The Texas statute construed[6] is identical in language to 85 O.S.1981 § 5 except that the last sentence previously discussed in the citation from *Pierce* has been added to the Oklahoma provision. In *Pierce* we noted that this language suggested the Legislature's intent to establish physical incapacity as a legitimate nondiscriminatory reason for termination of employment. Decisions from other jurisdictions construing provisions authorizing discharge of employees for excessive absence or physical incapacity have similarly held such provisions to constitute legitimate reasons for discharge.[7]

In *Pierce* we expressed concern that:[8]

A totally disabled employee is by definition "physically unable to perform" his job and to exclude absolutely such worker from the protection of the § 5 shield against retaliatory discharge would severely undermine the intended objective of the statutory scheme. The certified question presents inability to return to work as the sole reason for a temporarily disabled employee's discharge; thus impermissible motivational factors are necessarily absent or have been ruled out.... (footnotes omitted)

■■ We do not accept the premise inherent in appellee's argument that proof of physical ability must be a part of a plaintiff's prima facie case in a retaliatory discharge action. The premise entailed is that a discharge of one physically unable to perform his job duties is protected from the application of the retaliatory discharge provisions even though it might be established

---

4. 737 P.2d 921 (Okla.1987).

5. 624 S.W.2d 598 (Tex.Civ.App.1981).

6. Tex.Rev.Civ.Stat.Ann. art. 8307c, § 1 (Vernon Supp.1978).

7. See *Duncan v. New York State Developmental Center,* 63 N.Y.2d 128, 481 N.Y.S.2d 22, 470 N.E.2d 820 (1984); *Johnson v. Builder's Transport, Inc.,* 79 N.C.App. 721, 340 S.E.2d 515 (1986).

8. 737 P.2d at 925.

that a significant motivating factor behind the discharge of a temporarily disabled employee was the employee's filing for worker's compensation benefits. We find that, to give full effect to the Legislature's intent to protect employees who seek the benefits conferred under Oklahoma's Workers' Compensation Act, once a plaintiff in a retaliatory discharge action has presented evidence establishing that a significant factor in his termination was retaliation for one or more of the activities expressly protected under 85 O.S.1981 § 5, a prima facie case of retaliatory discharge has been established. The burden then shifts to the employer to establish that the discharge was for a legitimate reason.[9] The employer may then offer proof that the primary motivation for discharging the employee was the employee's inability to perform his assigned duties [10] or that the employee had pursued a worker's compensation claim in bad faith. Either factor would provide a legitimate reason for the discharge of an employee.

In *Thompson v. Medley Material Handling Co.,*[11] this Court determined that the plaintiff had not presented a prima facie case of retaliatory discharge because the evidence which he presented did no more than to establish that the filing of his claim and his discharge were somewhat contemporaneous.[12] From this we found that it was not possible to infer that retalia-

tion was a significant factor in his discharge. In the present case appellant testified that he returned to his job in October of 1984, following his release by a physician. Appellant testified that appellee praised his job performance after his return in October, but told him that he would be jeopardizing his employment if he continued to see doctors whose practices were significantly associated with workers' compensation claimants. Finally, appellant testified that appellee told him specifically that he was being discharged for filing a workers' compensation claim. We find that this evidence was sufficient to state a prima facie case of retaliatory discharge. It was therefore error for the trial court to sustain appellee's demurrer to appellant's evidence.[13]

The remaining issues addressed by the parties on appeal concern questions of rulings on evidence made by the trial court. Because our determination of the case requires that the matter be remanded for a new trial, those questions need not be addressed, as we assume that any error in rulings will not be repeated in the new trial.

The opinion of the Court of Appeals, Division I, entered in this case is VACATED. The judgment of the trial court entered on sustainment of demurrer to appel-

9. 85 O.S.1981 § 5 does not place upon the employee, the burden to establish he was physically capable of doing his job when he was discharged. Whether he was in fact so disabled is not a controlling issue. If his inability to work was the primary reason the employer discharged him, the burden of proving such fact, because of its inclusion in the statute as a proviso thereto, is placed on the employer. For a discussion of the significance of the placement of an exception or limitation within the statute which creates the cause of action see *North v. Haskett,* 202 Okl. 146, 211 P.2d 279, 282 (1949) which is referred to in *WRG Const. Co. v. Hoebel,* 600 P.2d 334, 335 (Okla.1979) at footnote 2. Also see *Ball v. Autry,* 427 P.2d 424 (Okla.1966).

10. Appellee has cited *Schrader v. Artco Bell Corp.,* 579 S.W.2d 534 (Tex.Civ.App.1979), as requiring the employee to prove present ability to perform job duties. *Schrader,* in making that point, addressed the burden of proof regarding an employee seeking reinstatement to a posi-

tion. We do not address that question in this case.

11. Supra, note 2.

12. The filing and discharge were established to have taken place approximately six weeks apart.

13. See *Condo v. Beal,* 424 P.2d 48 (Okla.1967), where this Court stated in syllabus:

In an action of legal cognizance a demurrer to plaintiff's evidence or motion for directed verdict should be overruled unless there is an entire absence of proof tending to show a right to recover; and, in passing upon a demurrer to the evidence or motion for directed verdict, the trial court must consider true all of the evidence favorable to the party against whom the demurrer or motion is directed together with all inferences that may be reasonably drawn therefrom and disregard all conflicting evidence favorable to the demurrant or movant.

lant's evidence is REVERSED and the cause is REMANDED for new trial.

DOOLIN, C.J., HARGRAVE, V.C.J., and OPALA, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

HODGES and SIMMS, JJ., dissent.