Charles MUSSON, Ralph J. Crow, and Richard Riley, Appellees,

v.

Larry G. RICE, Appellant.

No. 61381.

Supreme Court of Oklahoma.

July 21, 1987.

As Corrected July 24, 1987.

Bright, Nichols, Zrenda & Dunn, A. Daniel Woska, Clell I. Cunningham, III, Oklahoma City, for appellant.

Don Porter Law Office, Don Porter, Oklahoma City, for appellees.

DOOLIN, Chief Justice.

Appellant, hereinafter "seller", purchased a one-eighth working interest in Andrea # 1 Well, located in Noble County, Oklahoma for $43,733.80 on July 15, 1980. Seller subsequently sold a one-thirty-second interest to each of the three appellees, hereinafter "buyers", for approximately $12,000 each. These three sales took place between October 15 and October 22, 1980.

On December 27, 1982 buyers brought this action against seller alleging various violations of the Oklahoma Securities Act, 71 O.S.1981 § 201. After various motions and hearings, buyers' remaining cause of action was that seller failed to register as a broker-dealer as required by 71 O.S.1981 § 201(a).[1] Both parties moved for summa-

---

1. 71 O.S.1981 § 201(a) reads in part: "It is un-

lawful for any person to transact business in

ry judgment. Buyers' motion was granted and seller's denied. Should this judgment stand, buyers would be entitled to rescind the transaction with seller and recover all moneys paid for their interests in the well.

Seller appeals from the order granting summary judgment for buyers, alleging error in the trial courts' determination he was a broker-dealer required to register. Seller alleges he was an issuer, exempt from registration under the Securities Act.

### I.

Since buyers' sole cause of action was for seller's failure to register as a broker-dealer, this appeal rests on determination of that single issue. Seller argues that because he was an issuer, not a broker-dealer, he did not violate 71 O.S.1981 § 201(a), and it was error for the trial court to so determine.

■ By statute, 71 O.S.1981 § 2(5) provides:

'Broker-dealer' means any person engaged in the business of effecting transactions in securities for the account of others or for his own account. 'Broker-dealer' does not include ... (b) an issuer.

In Oklahoma, the burden of proving an exception or exemption to a provision or definition under the Securities Act is on the person claiming the exception or exemption.[2]

For two principal reasons we hold the trial court erred in ruling that seller was a broker-dealer. First, buyers did not prove seller was engaged in the business of effecting transactions in securities, a prerequisite to finding seller to be a broker-dealer. Second, seller had sufficiently proved exception to the definition of broker-dealer through his acts as an issuer.[3]

■ In approaching a clear definition of issuer, it was necessary to search outside of Title 71. The following definition was found in the Oklahoma Uniform Commercial Code, 12A O.S.1981 § 8–201:

(1) With respect to obligations on or defenses to a security, "issuer" includes a person who: .... (c) directly or indirectly creates fractional interests in his rights or property, which fractional interests are represented by certificated securities.

When one owns an interest in oil and gas, and subsequently fractionalizes and sells that interest while retaining an interest for himself, that person has created a new security, different from the one he previously owned. 71 O.S.1981 § 2(20)(R). Upon the sale of these new interests seller becomes the issuer.[4] Accordingly, such issuer is not required to register as a broker-dealer under the Securities Act.

We hold the seller comes squarely within the definition of issuer outlined above; he was not a broker-dealer. The legislature clearly intended issuers not be required to register as broker-dealers.

■ We find buyers failed to prove seller was "engaged in the business of effecting transactions in securities", and the trial court erred in ruling to the contrary. The phrase "engaged in the business" connotes a certain regularity of purchasing and selling securities.[5] As this Court has previously established, "engaged in the business" means the performance of acts which occupy the time, attention, and labor of persons for the purpose of livlihood, profit, or pleasure.[6] This definition also emphasizes a certain regularity of activity not apparent in the instant case.

this state as a broker-dealer ... unless he is registered under this Act.

**2.** 71 O.S.1981 § 401(e). Also see *Parrish v. Ben Jon Oil Co.,* 666 P.2d 1308 (Okl.App.1983); *North v. Haskett,* 202 Okl. 146, 211 P.2d 279 (1949) and *Cowles v. Dow Keith Oil & Gas Co.,* 752 F.2d 508 (10th Cir.1985), cert. denied — U.S. ——, 107 S.Ct. 74, 93 L.Ed.2d 30 (1986).

**3.** According to 71 O.S.1981 § 2(9): 'Issuer' means any person who issues or proposes to issue any security.

**4.** *Woodward v. Wright,* 266 F.2d 108 (10th Cir. 1959); see also *Day v. Petco Oil & Gas, Inc.,* 558 P.2d 1163 (Okl.1977); and *Vicioso v. Watson,* 325 F.Supp. 1071 (C.D.Cal.1971).

**5.** *Ufitec v. Carter,* 20 Cal.3d 238, 142 Cal.Rptr. 279, 571 P.2d 990 (1977).

**6.** *Wilson v. Federal Tax Co.,* 176 Okl. 90, 54 P.2d 363 (1936).

The doing of a *single act* pertaining to one particular business will not be considered carrying on, transacting, or doing business as contemplated in the statutes. (emphasis added)[7]

We find the three particular sales in this case, which took place within a one-week period constitute one act, as opposed to a series of acts which buyers would have us believe are enough for purposes of the Securities Act to establish seller as a broker-dealer engaged in the business of selling securities.

We refuse to hold that the legislature, in drafting the words "engaged in the business of effecting transactions in securities" would intend the seller in this case to fall within this definition of broker-dealer. The fractionalization and sale of a *single* $43,000 interest in oil and gas does not ipso facto make one a broker-dealer engaged in the business of securities; had the legislature so intended, issuers would not be exempt from registration.

## II.

This case was a proper one for summary judgment. The material facts before the trial court were undisputed. Where the evidence is so clearly preponderant as to admit but one conclusion, the case is properly decided as a matter of law.[8] The undisputed facts in this case lead to the inescapable conclusion that seller was an issuer, not a broker-dealer.[9] Buyers' motion should have been denied and seller's granted.

REVERSED and remanded with instruction to enter judgment for seller.

HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON and KAUGER, JJ., concurring.

---

7.  *Id.* 54 P.2d at 367.

8.  *Lambrecht v. Bartlett,* 656 P.2d 269 (Okl.1982).

9.  See *PIC Oil Co. v. Grisham,* 702 P.2d 28 (Okl. 1985), and *Ross v. City of Shawnee* 683 P.2d 535 (Okl.1984).