**Timothy L. BARBER, Appellant,**

**v.**

**PAYLESS CASHWAYS, INC., a/k/a Payless Cashways, Inc. Lumber and Building Materials, a foreign corporation, Appellee.**

**No. 70892.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 13, 1990.

As Corrected April 20, 1990.

## OPINION

GARRETT, Presiding Judge:

Appellant, Timothy L. Barber, brought this action in the district court against Appellee, Payless Cashways, Inc., alleging that it terminated his employment because he brought a claim under the Workers' Compensation Act, in violation of 85 O.S. 1981 § 5. The trial court sustained Appellee's motion for summary judgment, holding: "as a matter of law an action for retaliatory discharge may not be maintained by Plaintiff because the factual situation presented by Plaintiff's lawsuit does not come within the plain reading of 85 O.S. Section 5 in that the undisputed facts

show the plaintiff was terminated before having initiated a proceeding under the Workers' Compensation Act." Appellant contends that the trial court's order is erroneous and is not supported by the evidence or the laws of Oklahoma.

In the case of *Buckner v. General Motors Corporation,* 760 P.2d 803 (Okl.1988), the Oklahoma Supreme Court stated what must be shown by a plaintiff, in an action for retaliatory discharge under 85 O.S.1981 § 5, to prove a prima facie case: [1]

> The discharged employee must show employment, on the job injury, receipt of treatment under circumstances which put the employer on notice that treatment had been rendered for a work-related injury, or that the employee in good faith instituted, or caused to be instituted, proceedings under the Act, and *consequent* termination of employment.

760 P.2d at 806 (Emphasis in original). In the instant case, Appellant has shown that he was employed and that he became ill with a diabetic condition. There seems to be no issue made as to whether the injury was job-related.[2] The basis of the trial court's ruling is the finding that Appellant was terminated before "having initiated a proceeding under the Workers' Compensation Act." We must determine whether the evidence shows that Appellant had "instituted a proceeding" under the Workers' Compensation Act (the Act).

The evidence showed that Appellant was hospitalized on April 2, 1987, for a diabetic condition. He telephoned Appellee's management team during his hospitalization to advise them of his illness. They testified he said he was in the hospital because his "sugar was up." He was in the hospital seven days and was at home several days thereafter to get accustomed to his condition and insulin. He did not ask Appellee to pay for his medical or hospital bills, other than filing a claim under the health insurance policy provided by Appellee. He testified that he had no conversations with anyone at work about filing a workers' compensation claim. He was terminated on or about April 14, 1987. Appellee contends the reason for his termination was job performance. Appellant did not file a claim in the Workers' Compensation Court until after his termination. He did not consult an attorney until after his termination. In his deposition, he testified he filed his claim two weeks after April 14, 1987. However, in his response to Appellee's motion for summary judgment, he shows the date of filing his claim to be August 18, 1987. Appellant also testified that it was not until after his termination that he thought of filing a claim.

The Supreme Court held in *Buckner v. General Motors Corporation,* supra, that the phrase "instituted or cause to be instituted any proceeding" must be construed to mean more than the mere filing of a claim. 760 P.2d at 809. The Court gave an overview of the Oklahoma case law regarding the institution of proceedings in *Buckner.*[3] In that case, the issue was whether the receipt of medical treatment by the employee on the job site constituted the institution of proceedings for purposes of proving a prima facie case under 85 O.S.

---

1. 85 O.S.1981 § 5 provides:

   No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

2. In its answer filed in the trial court, Appellee admitted that Appellant suffered an on the job injury. The merits of Appellant's Workers' Compensation claim is not before us, and it is not considered in this appeal.

3. See *Buckner v. General Motors Corp.,* 760 P.2d at 810, for a discussion of *Elzey v. Forrest,* 739 P.2d 999 (Okl.1987); *Zaragosa v. Oneok, Inc.,* 700 P.2d 662 (Okl.App.1984); *Pierce v. Franklin Electric Co.,* 737 P.2d 921 (Okl.1987); and *Webb v. Dayton Tire & Rubber Co.,* 697 P.2d 519 (Okl. 1985).

1981 § 5. 760 P.2d at 810. Although not directly in point, *Buckner* is instructive. The Court held that the employee had stated a prima facie case and remanded it to the trial court. The Court said:

> Merely seeking and receiving first aid is not in and of itself sufficient to institute proceedings. Some other evidence sufficient to persuade the trier of fact that the worker intended or reasonably could have intended to institute proceedings is necessary ... *First aid coupled with circumstances which raise a clear inference of an anticipated claim must be present before the institution of proceedings is triggered.* For now, we simply conclude that the provision of medical treatment by the employer, when accompanied by circumstances ... which would lead a reasonable employer to infer that a workers compensation claim would in all probability ensue, constitutes the institution of proceedings.

760 P.2d at 811 (Emphasis added). In the instant case, Appellant did not ask Appellee to provide medical treatment. He informed Appellee of his condition after he was already in the hospital. Further, he testified that he did not think about filing a claim until after his termination. He did not mention the possibility of filing a claim to anyone associated with Appellee. He did not consult an attorney until after his termination. We have not been shown evidence that, at the time of his termination, Appellee was aware of "circumstances ... which would lead a reasonable employer to infer that a workers compensation claim would in all probability ensue...." Although Appellee admitted in its answer that Appellant sustained an on the job injury,[4] we must look at the evidence as it existed *at the time of the medical treatment and termination.* At that pivotal time, the work-related nature of Appellant's condition was certainly less than obvious under the evidence presented, to the point that an employer would expect a workers' compensation claim to be forthcoming, i.e., that a claim would "in all probability ensue." The facts in this case fall short of being sufficient to justify this Court to find that the employee stated a prima facie case.

Under the evidence herein, we hold that the Appellant did not state a prima facie case for retaliatory discharge under the Workers' Compensation Act. The trial court's order sustaining Appellee's motion for summary judgment is AFFIRMED.

HUNTER, V.C.J. and MacGUIGAN, J., concur.

---

**4.** Appellant has attached to his brief his joint petition settlement filed in the Workers' Compensation Court. It was not a part of the district court records, and it may not be considered herein.