196 N.J. Super. 568 (1984)
483 A.2d 829
JOHN GALANTE, JR., PLAINTIFF-APPELLANT,
v.
SANDOZ, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 1984.
Decided October 22, 1984.
*569 Before Judges MATTHEWS, FURMAN and COHEN.
Nusbaum, Stein, Goldstein & Bronstein, attorneys for appellant (Dennis J. Lenard on the brief).
*570 Shanley & Fisher, P.C., attorneys for respondent (Paul G. Nittoly, of counsel; Linda G. Harvey on the brief).
The opinion of the court is delivered by PER CURIAM.
We affirm substantially for the reasons expressed by Judge Newman in his opinion, which is found at 192 N.J. Super. 403 (Law Div. 1983). We also note the majority and minority opinions in Judson Steel Corp. v. Workers' Comp. Appeals, 22 Cal.3d 658, 150 Cal. Rptr. 250, 586 P.2d 564 (Sup.Ct. 1978). We add the following.
There is both a common law cause of action and an administrative remedy for employee discharge or discrimination for claiming workers' compensation benefits N.J.S.A. 34:15-39.-1, 39.2; Lally v. Copygraphics, 85 N.J. 668 (1981). Time off with statutory compensation during a period of temporary disability after work injury is a workers' compensation benefit. Thus, an employee who alleges that his employer intentionally singled him out for discharge for seeking that benefit would ordinarily be entitled to try to prove it at trial.
That is not this case. Here, plaintiff was an employee at will. He was discharged after eleven instances of absenteeism within a year, eight of which he said were due to his work injury. It was conceded at trial that the employer did not fire him in retaliation for his seeking his statutory benefits. Rather, it did no more than enforce a detailed written absenteeism policy that treated work-injury absences like all other absences, whether for illness (within or beyond paid sick leave), non-work injury or other, less necessitous, circumstances.
Plaintiff asks us to rule that, for the purpose of dealing with employee absenteeism, an employer may not enforce a facially neutral policy that equates work-injury absences with absences *571 otherwise caused. If such a prohibition is to be created, it is, in our view, the exclusive role of the legislature to create it.
Affirmed.