James L. PIERCE, Plaintiff,

v.

FRANKLIN ELECTRIC CO., an Indiana corporation, Defendant.

No. 66982.

Supreme Court of Oklahoma.

May 5, 1987.

---

Walter Jenny, Jr., Messrs. Babb, Nash & Christensen, Inc., Oklahoma City, for plaintiff.

John F. McCormick, Jr., Randall G. Vaughan, Messrs. Pray, Walker, Jackson, Williamson & Marlar, Tulsa, for defendant.

OPALA, Justice.

The United States District Court for the Eastern District of Oklahoma certified to this court the following question to be answered pursuant to the Uniform Certification of Questions of Law Act, 20 O.S. 1981 §§ 1601–1612: Under 85 O.S. 1981 §§ 5–7 and 14, may an employer lawfully terminate the employment of a worker's compensation claimant while he is on temporary total disability leave of absence for the sole reason that he is not physically able to return to work at that time?

We answer this question in the affirmative and hold that an employer who terminates an at-will employee for the sole reason that he is *"physically unable to perform"* his job duties does not commit the statutory tort created in 85 O.S. 1981 §§ 5–7, by the terms of which liability is imposable for a retaliatory discharge of a workers' compensation claimant.

## ANATOMY OF FEDERAL LITIGATION

The plaintiff, James L. Pierce, was employed by the defendant corporation, Franklin Electric Company [Franklin]. After suffering a job-related injury, Pierce required an extended absence from work and claimed workers' compensation bene-

fits. Franklin terminated Pierce's employment during his absence at a time when, according to a later finding of the Oklahoma Workers' Compensation Court, Pierce was temporarily totally disabled. Pierce sued in federal court alleging that Franklin wrongfully discharged him in violation of the Oklahoma Workers' Compensation Act [the Act], citing 85 O.S. 1981 §§ 5–7 and 14. Franklin sought summary judgment submitting that its personnel policy, which limited the duration of medical leaves of absence, mandated Pierce's discharge and that its conduct was statutorily protected.

## ANALYSIS, DISCUSSION AND ANSWER

The parties in this case seek an absolute rule of law to govern employment policies and practices. The employee complains that discharging a worker who is recovering from a job-related injury violates the public policy of Oklahoma as expressed in the act and in decisions of this court. In his view, Oklahoma laws designed to protect injured employees require a rule that bars termination of a temporarily disabled employee because he is absent from work. The employer argues that an employee who is unable to work is not protected from retaliatory discharge under the Act. We examine the statute that defines the proscribed conduct and conclude that neither view is correct.

 The basis for Pierce's wrongful discharge claim is 85 O.S. 1981 § 5.[1] In essence, the statute provides that an employer may not discharge an employee because he exercises rights granted by the workers' compensation statutes. Section 5 protects certain activities from retaliation: filing a claim; retaining a lawyer to pursue a claim; instituting, or causing the institution of, any proceeding under the Act; or testifying in a proceeding. In *Webb v. Dayton Tire & Rubber Co. Etc.,*[2] the court held that receipt of medical treatment or the commencement of temporary compensation payments may constitute the institution of a proceeding for § 5 purposes. If an employee's participation in one of these protected activities is a significant factor in the employer's decision to terminate the employee, the discharge is retaliatory.[3]

 In this case, the certified question poses a factual situation where the *sole* reason for the employee's discharge is his absence from work due to a compensated disability. Thus the discharge under examination here is unlawful only if the employee's absence from work is a protected activity by itself. In other words, our attribution of unlawfulness to this discharge would be tantamount to a finding that the legislature intended § 5 to guarantee continued employment for injured workers. We cannot so hold.

 Sections 5–7 of the Act created a cause of action in tort that limits the employer's common-law right to terminate an at-will employee.[4] As a legislative enactment that altered pre-existing legal rights, the statute established a narrow exception to the general rule. Courts should not unnecessarily expand its application. The Act does not *expressly* provide injured employees with *an excused work absence* dur-

1. The terms of 85 O.S. 1981 § 5 provide:
 "No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. *Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.*" [Emphasis supplied.]
 Subsequent sections of the Act impose liability on an employer who violates § 5 by providing injured employees with legal and equitable rem-

edies and a means of enforcement. See 85 O.S. 1981 §§ 6–7.

2. Okl., 697 P.2d 519, 523–524 [1985].

3. *Thompson v. Medley Material Handling, Inc.,* Okl., 732 P.2d 461, 463 [1987].

4. Oklahoma case law continues to recognize that an at-will employee is subject to termination for any cause or without cause. *Wickham v. Belveal,* Okl., 386 P.2d 315, 317 [1963]. In *WRG Const. Co. v. Hoebel,* Okl., 600 P.2d 334 [1979], we held that §§ 5–7 created a statutory tort litigable in the district courts.

ing their healing period, and we are unable to create such an additional workers' compensation benefit. *Accordingly, we hold that the statute does not prohibit the discharge of an employee because he is absent from work, even when the absence is caused by compensated injury and medical treatment.*

The employee argues that protecting his employment during a compensated medical absence furthers the purpose of the Act and Oklahoma public policy. Pierce relies on *Iwunoh v. Maremont Corp.* [5] for the proposition that the primary objective of the Act is rehabilitation of injured workers and restoration of their productive capacity through medical treatment. He further argues that §§ 5–7 establish a public policy of insuring that injured employees receive the benefits of the Act, particularly the medical care they deserve under § 14. This argument misconceives the nature of a retaliatory discharge claim and the policy at issue.

The court has previously stated that, although the statutory tort is codified under Title 85 which deals with workers' compensation, the compiler's arrangement does not necessarily have interpretive significance.[6] In *WRG Const. Co. v. Hoebel,* we concluded from the language of the Act that the legislature intended to create a tort claim separate from any compensation remedy.[7] The distinction is particularly significant in this case.

The statutory tort protects at-will employment from certain retaliatory terminations. The statute imposes liability on employers who engage in offensive conduct that undermines the functioning of the workers' compensation scheme. This remedial purpose justifies a limited intrusion into the employment relationship.

On the other hand, the compensation benefits provided by the Act protect workers. The principle underlying the system is insurance. An employer is responsible for bodily injuries suffered by his employees in the course of their employment regardless of fault or any wrongful conduct by him.[8]

An employee who is discharged during a period of temporary disability does not lose the compensation benefits to which he is otherwise entitled. The Act does not suggest that termination would relieve an employer of responsibility for the employee's medical care and disability payments.[9] Similarly, rehabilitation does not depend on employment status.[10] While we recognize that interrupted employment may deprive the employee of important benefits such as seniority, the workers' compensation system does not provide guaranteed employment or other employment privileges.

The statutory norm does not call for some affirmative action by the employer.[11] The employee must prove that the employer acted with a retaliatory motive.[12] The Act neither requires the employer to treat a claimant more advantageously than other absent workers nor does it penalize the employer for a discharge motivated by permissible factors.

In this case, the employer alleges a personnel policy that excused medical leaves of absence but provided a maximum absence of one year. If a disabled employee's absence was excessive and violative of the employer's nondiscriminatory rule, neutral application of the policy would require the employee's termination. Whether a workers' compensation claim was the reason for his subsequent discharge would be a factual issue. For example, the employer's alleged reason might be a pretext or one of multiple reasons.

---

5. Okl., 692 P.2d 548, 550 [1985].

6. *WRG Const. Co. v. Hoebel, supra* note 4 at 336.

7. *WRG Const. Co. v. Hoebel, supra* note 4 at 335.

8. See 85 O.S. 1981 § 11.

9. See 85 O.S. 1981 §§ 14, 22.

10. See 85 O.S. 1981 § 16.

11. *Cf.* Wis.Stat.Ann. § 102.35(3) [West 1986] (employers are expressly required to rehire injured employees where suitable employment is available).

12. See *Thompson v. Medley Material Handling, Inc., supra* note 3 at 463.

The text of the statute provides additional support for concluding that disabled workers are not absolutely protected by expressing a limitation in retaliatory discharge cases. The final sentence of § 5 provides that an employer shall not be required to rehire or retain an employee who is physically unable to perform his job duties.[13] This statutory language demonstrates a legislative concern for undue interference with the employment relationship. An employer must operate economically and should be allowed to purchase the services his business requires. The proviso suggests that an employee's physical capacity may constitute a legitimate nondiscriminatory reason for an employment decision.[14] In short, to prohibit an employer from terminating a disabled employee for his absence would be unnecessarily intrusive and contrary to legislative intent.

We do not hold today that an employer may discharge a disabled employee with impunity. A totally disabled employee is by definition *"physically unable to perform"* his job [15] and to exclude absolutely such worker from the protection of the § 5 shield against retaliatory discharge would severely undermine the intended objective of the statutory scheme.[16] The certified question presents inability to return to work as the *sole* reason for a temporarily disabled employee's discharge; thus impermissible motivational factors are necessarily absent or have been ruled out. We do not today decide the case in which retaliatory motivation plays a significant part in an employer's decision to discharge a temporarily disabled worker or in which the employee is permanently disabled.[17]

HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS and SUMMERS, JJ., concur.

WILSON and KAUGER, JJ., concur in result.

DOOLIN, C.J., dissents.

---

**13.** For the full text of § 5, see *supra* note 1.

**14.** One might interpret the proviso of § 5 as limiting the reinstatement remedy rather than the statute's scope. We express no opinion concerning the effect of the proviso but merely note that the statute does not provide a remedy in all cases.

**15.** The Act defines "permanent total disability" in 85 O.S.Supp.1986 § 3(12). "Temporary total disability" also expresses a compensation status. See 85 O.S.Supp.1986 § 22(2).

**16.** Some statutes expressly exclude permanently disabled workers from the protection afforded by the prohibition against a retaliatory discharge. See, *e.g.,* N.C.Gen.Stat. § 97–6.1(e) [1985]. *We express no opinion concerning the applicability of Oklahoma's protective statute to such situations.*

**17.** Although research yields no statutes with comparable language, the overwhelming majority of courts in other jurisdictions hold that an injured worker may be terminated for absenteeism unless he proves the employer's retaliatory motive. See *e.g. Dickens v. Tidewater Stevedoring Corp.,* 656 F.2d 74 [4th Cir.1981] (applying 33 U.S.C. § 948a); *Slover v. Brown,* 140 Ill. App.3d 618, 94 Ill.Dec 856, 488 N.E.2d 1103 [1986]; *Kern v. South Baltimore Gen. Hosp.,* 66 Md.App. 441, 504 A.2d 1154 [1986]; *McKiness v. Western Union Telegraph Co.,* 667 S.W.2d 738 [Mo.Ct.App.1984]; *Galante v. Sandoz, Inc.,* 192 N.J.Super. 403, 470 A.2d 45 [1983], *aff'd,* 196 N.J.Super. 568, 483 A.2d 829 [App.Div.1984] and *Duncan v. New York State Develop. Center,* 63 N.Y.2d 128, 481 N.Y.S.2d 22, 470 N.E.2d 820 [1984]. *Contra Judson Steel Corp. v. Workers' Comp. Appeals,* 22 Cal.3d 658, 150 Cal.Rptr. 250, 586 P.2d 564 [1978].