Dorothy L. KEETER, Appellant,

v.

STATE of Oklahoma, ex rel., OKLA-
HOMA STATE UNIVERSITY; State of
Oklahoma ex rel. Board of Regents of
Oklahoma Agricultural & Mechanical
Colleges, Appellee.

No. 71349.

Court of Appeals of Oklahoma,
Division No. 3.

June 26, 1990.

Rehearings Denied Sept. 5, 1990.

Certiorari Denied Oct. 30, 1990.

Walter Jenny, Jr., Howell, Massie & As-
sociates, Midwest City, for appellant.

Donald K. Funnell, Lytle, Soule & Cur-
lee, Oklahoma City, for appellee.

MEMORANDUM OPINION

ADAMS, Judge:

Appellant (Keeter) appeals from an order
of the trial court entering summary judg-
ment for Appellee (OSU).

The following facts are uncontroverted.
On or about March 31, 1982, OSU employed
Keeter as an animal caretaker for its veter-
inarian school. Keeter's employment re-
quired her to lift 50 pound feed sacks. On
or about April 1, 1983, she was injured on
the job and subsequently filed a workers'
compensation claim. Keeter received
workers' compensation benefits for tempo-
rary total disability and was unable to re-
turn to work at the beginning of the 1983–
1984 school year. OSU received a letter
from Keeter's physician advising that Keet-
er would no longer be able to lift 50 pound
sacks, and OSU found a replacement em-
ployee for Keeter but offered to help her
secure another position. Keeter refused
the offer and was subsequently discharged.

Keeter filed a petition in District Court
claiming wrongful discharge in violation of

85 O.S.1990 §§ 5 and 6. OSU requested summary judgment, asserting that (1) Keeter's claims were barred by sovereign immunity, and (2) 85 O.S.1990 §§ 5 and 6 could not be constitutionally applied to OSU under the doctrine of separation of powers. The trial court granted OSU's motion, and Keeter appealed. This Court reversed and remanded finding the statutes could be constitutionally applied, and disputed facts on waiver of sovereign immunity.

After mandate, OSU filed another Motion for Summary Judgment claiming the undisputed facts proved Keeter was not terminated for filing a workers' compensation claim, but because she could not physically perform her previous duties and refused an offer for reassignment. Following Keeter's response and oral argument, the trial court entered judgment for OSU denying Keeter's claim.

In reviewing orders which enter judgment under Rule 13, i.e., summary judgments, our task is identical to the trial court's. We must determine whether the "depositions, admissions in the pleadings, stipulations, answers to interrogatories and to requests for admissions, affidavits, and exhibits on file, ... show that there is no substantial controversy as to any material fact." Rule 13(a), Rules for District Courts, 12 O.S.1990, Ch. 2, Appendix. We must examine the evidentiary materials submitted in support of and in opposition to the motion to determine whether the material facts are in controversy. If those facts are disputed, obviously summary adjudication is improper. Moreover, even if the material facts are undisputed, summary adjudication is inappropriate unless reasonable people, exercising fair and impartial judgment, could only conclude from those facts that the moving party is entitled to judgment in its favor. *Flanders v. Crane Co.*, 693 P.2d 602 (Okla.1984).

■ In support of its argument, OSU relies upon the affidavits of Dr. Holmes, Keeter's supervisor, and William E. Goodwin, Assistant Director of the Office of University Personnel Services during the period in question. Both affiants attach copies of letters to Keeter, and from Keeter's physician. OSU contends these affidavits and letters demonstrate conclusively that Keeter was terminated only after Dr. Holmes was advised by her physician that she would no longer be able to perform her previous duties, and then only after Keeter refused Mr. Goodwin's offer of other employment at the institution. However, our examination of the evidentiary materials submitted by OSU reveals no offer of substitute employment, only that, in the words of Mr. Goodwin, "we would assist her in exploring alternative employment with Oklahoma State University". Contrary to OSU's assertion, reasonable people could differ about whether Keeter was "terminated" or simply "reassigned" to a position she refused.

■ Even if Keeter was terminated, OSU argues, she was terminated only because she was unable to perform her duties, as evidenced by her doctor's letter to Dr. Holmes. Citing, *Pierce v. Franklin Electric Co.*, 737 P.2d 921 (Okla.1987), OSU argues it is uncontroverted this was the reason for her termination. We agree that the evidentiary materials submitted in support of the Motion for Summary Judgment, standing alone, tend to establish a "non-retaliatory" motive for Keeter's discharge.

Keeter's evidentiary materials, however, demonstrate not only that the facts are controverted, but that differing conclusions can be drawn from undisputed facts. Responding to OSU's motion, Keeter filed her own affidavit, attaching a doctor's release which allowed her to resume her duties with no restrictions, effective October 21, 1983, prior to her termination. In her affidavit she recounts the same meeting covered in Mr. Goodwin's affidavit, but recalls that Mr. Goodwin told her:

　... it was totally unnecessary for me to file a Workers' Compensation claim against the University, that I should not have filed it, and I knew that I would not be able to return to work after filing a Worker's Compensation Claim against Oklahoma State University.

In *Buckner v. General Motors*, 760 P.2d 803 (Okla.1988) (decided after the trial

court order in this case), the Oklahoma Supreme Court held an employee established a *prima facie* case of retaliatory discharge by showing (1) employment, (2) on-the-job injury, (3) medical treatment putting employer on notice or good faith institution of Workers' Compensation proceedings, and (4) *consequent* termination. In discussing this last requirement, the Court noted at page 810:

> ... the employee must offer evidence which would establish circumstances giving rise to a legal inference that the discharge was significantly motivated by retaliation for the exercise of statutory rights; ...

We may safely conclude from *Buckner* and *Pierce* that a discharged employee may still recover under 85 O.S.1981 § 5 even if legitimate reasons exist to justify the termination, so long as retaliatory motivations were a significant factor in the employer's decision. The facts demonstrated by the evidentiary materials in this case are susceptible of the conclusion that such an impermissible motive played a significant role in Keeter's discharge. Since that conclusion in inconsistent with judgment in favor of OSU, the trial court erred in entering summary judgment and denying Keeter's claim.

Since we reverse the summary judgment and remand for further proceedings, we need not address Keeter's allegation that summary judgment was premature because of inadequate discovery. Similarly, Keeter's request for a change of venue, raised for the first time in this appeal, is properly addressed in the first instance by the trial court.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BAILEY, J., concurs.

HANSEN, P.J., not participating.