# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J. Fisher, Jr.                                          Elisabeth A. Shumaker
Clerk                                                          Chief Deputy Clerk

May 6, 1999

**TO:**  ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:**  97-7116, *Wiles v. Michelin*
April 21, 1999, Published Opinion

Please be advised page 4 of the text of this decision contained a typographical error in the quote, (A)(2).  Please note the word "term" should be "period" and the word "total" was omitted from the phrase "temporary total disability."

A corrected copy of the Opinion is attached for your convenience.

Very truly yours,
Patrick Fisher, Clerk

Shannon Sullivan
Deputy Clerk

**FAXED TO WEST**

F I L E D
United States Court of Appeals
Tenth Circuit

APR 21 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BOBBY J. WILES,

      Plaintiff-Appellant,

v.

MICHELIN NORTH AMERICA,
INC., also known as The Uniroyal
Goodrich Tire Company, a New York
corporation,

      Defendant-Appellee.

No. 97-7116

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CV-408)

---

Submitted on the briefs:

Dan Little and Prudence Little of Little, Little, Little, Windel & Coppedge,
Madill, Oklahoma, for Plaintiff-Appellant.

Victor F. Albert of McKinney & Stringer, Oklahoma City, Oklahoma, for
Defendant-Appellee.

---

Before **ANDERSON**, **BARRETT**, and **TACHA**, Circuit Judges.

---

**BARRETT**, Senior Circuit Judge.

# I. Background

In this diversity action for wrongful discharge, plaintiff Bobby J. Wiles appeals from a final judgment entered on a jury verdict in favor of defendant Michelin North America, Inc. Wiles also appeals from the denial of his motion for partial summary judgment and from the denial of his motion for judgment as a matter of law. Further, Wiles seeks certification of several issues of state law to the Oklahoma Supreme Court. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Wiles was injured in a work-related accident on January 28, 1994, while employed by Michelin as a first stage tire builder. Wiles commenced worker's compensation proceedings, pursuant to which he was placed on temporary total disability. Michelin's medical leave policy provided as follows:

> The maximum duration of any medical absence or light duty assignment is twenty-four months. If an employee is either unable to return to his/her former full duty, regular assignment within the first 6 months or after being placed in the Reserve Employee Pool is unable to successfully bid to another full duty regular assignment

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

within this twenty-four month period, the employee will be separated from the company rolls.

Appellant's App., Vol. II at 270. On January 28, 1996, twenty-four months after his injury, Wiles was terminated from employment. Wiles was still receiving temporary total disability compensation at the time of his termination, and he continued to do so for another six months.

Wiles subsequently sued Michelin for wrongful termination, contending that Michelin violated Oklahoma's Workers' Compensation Act ("Act"), Okla. Stat. tit. 85, §§ 1-211, which prohibits employers from discharging employees who are on temporary total disability solely because of absence from work. Michelin responded that it did not fire Wiles because of his absence, but because the medical information it possessed at the time of his termination showed Wiles had permanent injuries that prevented him from performing his assigned duties as a first stage tire builder.

At the time of Wiles' termination, § 5 of the Act provided in pertinent part as follows:

> (A)(1) No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of this title, or has testified or is about to testify in any such proceeding.

(A)(2)  No person, firm, partnership or corporation may discharge an employee during a period of temporary total disability solely on the basis of absence from work.

(B)  No employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.  The failure of an employer to rehire or retain any such employee shall in no manner be deemed a violation of this section.

Okla. Stat. tit. 85, § 5 (1996).[2]  The prohibition set forth in § 5(A)(2) was added to the Act in September 1992.  To date, there are no published Oklahoma or federal cases addressing the interplay between the provisions of § 5(A)(2) and § 5(B).

Michelin contended that the addition of the prohibition set forth in § 5(A)(2) did not affect an employer's ability to discharge an employee for the reason set forth in § 5(B).  Accordingly, Michelin filed a motion for summary judgment in the district court, arguing that the undisputed evidence showed that Wiles' injuries prevented him from doing his assigned duties at the time of his termination and, therefore, § 5(B) shielded Michelin from liability for Wiles' termination.  Michelin also argued that Wiles suffered no genuine damages as a result of his termination.  Wiles responded by arguing there were material

_____

[2]  Section 5 of the Act has since been amended, effective November 1, 1998.  The amendment altered the format of § 5, but did not affect its substance. Unless otherwise indicated, all citations to Okla. Stat. tit. 85, § 5 are to the version in effect in January 1996.

issues of fact as to what Michelin knew about his condition at the time he was terminated, as to the real reason Michelin terminated him, and as to the damages he suffered as a result of the termination.

Wiles also moved for partial summary judgment on the issue of liability, arguing that, as a matter of law, an employer who discharges an employee during a period of total temporary disability cannot defend against a claim of wrongful discharge on the ground that the discharge was based on the employee's inability to perform his assigned job duties. Wiles noted that every employee who is in a period of total temporary disability is, by definition, unable to perform his assigned job duties. Therefore, he reasoned, allowing an employer to use § 5(B) to legitimatize the discharge of an employee who is in a period of temporary total disability would render meaningless the prohibition set forth in § 5(A)(2). Wiles argued that the only logical way to harmonize the two provisions would be to hold that "an employer is not required to rehire or retain any employee who is unable to perform his assigned job duties once temporary total disability has ended, but employers are limited and may not rely upon this defense in discharging employees during periods of temporary total disability." Appellant's App., Vol. III at 342.

In ruling on the summary judgment motions, the district court concluded that the legislature's adoption of § 5(A)(2) simply added "another prohibited act

that may be interpreted as retaliatory conduct to the litany of acts contained in section 5(A)(1)." Appellant's App., Vol. III at 364. The court rejected Wiles' interpretation of the Act because it rendered the provisions of § 5(B) nugatory and of no effect. Instead, the court held that while § 5(A)(2) prohibits an employer from terminating an employee on temporary total disability solely because of absence, § 5(B) permits the employer to terminate the employee if the employee "also cannot *ever* perform his job duties." Appellant's App., Vol. III at 363 (emphasis added). Therefore, the court held,

> the termination of an employee during a period of temporary total disability does not per se impose . . . liability upon an employer under section 5(A)(2) so long as (1) the termination was not based solely upon the employee's absence from work and (2) the employee has been determined to be physically unable to perform his assigned job duties on a permanent basis.

Id. at 364.

Turning to the evidence before it, the court concluded that Wiles had made a prima facie case of retaliatory discharge under § 5(A)(2), and that Michelin had articulated a legitimate, non-retaliatory reason for Wiles' discharge. Therefore, the court said, the burden was on Wiles to demonstrate that Michelin's proffered reason was not the true reason for his termination. At this stage in the analysis, the court concluded, there were material issues of fact that precluded the entry of summary judgment. The court also concluded that while there was scant evidence of Wiles' damages, that issue was best left for trial. Therefore, the court denied

- 6 -

both Wiles' motion for partial summary judgment and Michelin's motion for summary judgment, except to the extent that it held that "Wiles may be terminated if he has been determined to be unable to ever perform his job duties even though he is on temporary total disability at the time of his termination." Id. at 370-71.

Thereafter, Wiles moved the court to reconsider its ruling, arguing that "[w]hether an employee is in fact temporarily totally disabled or has reached maximum medical improvement and is permanently partially disabled is a question for proper determination by the Oklahoma Worker[s'] Compensation Court and not by any other court." Id. at 373. Wiles noted that the Act provides an injured employee a maximum of 300 weeks' temporary total disability and gives the employer a mechanism to have the period cut short through an adjudication by the Workers' Compensation Court that the employee is permanently disabled. Wiles contended that the district court's construction of § 5, which would allow a judge or jury in a civil case to decide whether an employee on temporary total disability is permanently unable to perform his job, would completely circumvent these statutory provisions.

The district court denied Wiles' motion, reasoning that the Workers' Compensation Court's exclusive jurisdiction extends only to claims for workers' compensation benefits, not to retaliatory discharge claims under § 5. Unless it had jurisdiction to determine whether an employer could avail itself of the

- 7 -

defense contained in § 5(B) in a retaliatory discharge suit, the court reasoned, its ability "to fully adjudicate the claims and defenses before it under [§ 5] would be inexorably impaired." Appellant's App., Vol. III at 394. The case then proceeded to trial.

At the conclusion of Wiles' evidence, Michelin moved for judgment as a matter of law ("JMOL") pursuant to Fed. R. Civ. P. 50 on the issues of liability and punitive damages. The court took the motion under advisement and the trial continued. At the conclusion of all the evidence, Michelin renewed its motion for JMOL. Wiles also moved for JMOL, arguing that the only defense Michelin had presented to his wrongful termination claim was "not one allowed under the workman's compensation statute." Appellant's App., Vol. V at 816. Wiles referred to the authority set forth in his summary judgment briefs as support for his motion for JMOL. The district court overruled both parties' motions on the issue of liability, concluding there was an issue of fact for the jury as to why Wiles was discharged. The court granted Michelin's motion on the issue of punitive damages, however, because it found there was insufficient evidence from which "'the jury could find by clear and convincing evidence that the defendant has been guilty of reckless disregard for the rights of others.'" Id. at 825-26 (quoting Okla. Stat. tit. 23, § 9.1(b)). Therefore, the district court did not instruct the jury on punitive damages.

Wiles objected to three of the court's proposed jury instructions (Nos. 2, 12 & 13), arguing once again that an employer may not legitimately discharge an employee during a period of temporary total disability on the ground that the employee is not physically able to perform his assigned duties. Wiles also objected to the district court's refusal to instruct the jury on punitive damages. The court overruled Wiles' objections and sent the case to the jury, which returned a verdict for Michelin.

Wiles now appeals the district court's denial of his partial motion for summary judgment, the court's denial of his motion for JMOL, the giving of jury instruction Nos. 2, 12, and 13, and the failure to give a jury instruction on punitive damages. Wiles also requests that we certify five questions of state law to the Oklahoma Supreme Court. Because we can adequately address the issues raised based on the existing law, we decline to certify the proposed questions of state law. We turn, then, to the district court's rulings.

## II. Summary Judgment

The denial of summary judgment based on factual disputes is not properly reviewable on an appeal from a final judgment entered after trial. [E]ven if summary judgment was erroneously denied, the proper redress would not be through appeal of that denial but through subsequent motions for judgment as a matter of law . . . and appellate review of those motions if they were denied. Failure to renew a summary judgment argument – when denial was based on factual disputes – in a motion for judgment as a matter of law under

> Fed. R. Civ. P. 50(a)(1) at the close of all the evidence is considered a waiver of the issue on appeal.
>
> By contrast, when the material facts are not in dispute and the denial of summary judgment is based on the interpretation of a purely legal question, such a decision is appealable after final judgment.

Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1521 (10th Cir. 1997) (citations and quotation omitted; alteration in original).  Here, the district court denied Wiles' motion for partial summary judgment based on factual disputes, but only after ruling that Wiles' interpretation of the law – which would have made the admitted factual disputes immaterial – was incorrect.  Fortunately, Wiles renewed his summary judgment arguments in his motion for JMOL at the conclusion of the evidence, so we may review those arguments regardless of how the district court's summary judgment ruling is characterized.

> We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted).

Prior to its amendment in September 1992, § 5 of the Act provided as follows:

> No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

Okla. Stat. tit. 85, § 5 (1991). The Oklahoma Supreme Court concluded that this version of the Act did "not prohibit the discharge of an employee because he is absent from work, even when the absence is caused by compensated injury and medical treatment." Pierce v. Franklin Elec. Co., 737 P.2d 921, 924 (Okla. 1987).

The employer in Pierce had a personnel policy that limited the duration of a medical leave of absence to one year. Id. at 924. The employer terminated the plaintiff under that policy, even though his absence from work was due to his temporary total disability from a work-related injury. Id. at 923. The plaintiff argued that "Oklahoma laws designed to protect injured employees require a rule that bars termination of a temporarily disabled employee because he is absent from work." Id.

The Oklahoma Supreme Court rejected the plaintiff's argument, holding that "[t]he Act does not expressly provide injured employees with an excused work absence during their healing period, and we are unable to create such an

additional workers' compensation benefit." Id. at 923-24.  Because the plaintiff's "absence from work [was not] a protected activity by itself," the court held that the employer did not violate the Act by discharging the employee due to his absence.  Id. at 923.

In September 1992, the Oklahoma legislature amended § 5 of the Act to add a prohibition against discharging an employee during a period of temporary total disability solely because of the employee's absence.  Okla. Stat. tit. 85, § 5(A)(2) (1993).[3]  Although there is apparently no legislative history relating to this amendment, we, like the district court and the parties, assume that the legislature amended the Act in response to the Oklahoma Supreme Court's decision in Pierce.  Unlike Wiles, however, we do not view the amendment as a repudiation of Pierce.

Rather, the amendment simply added another activity that is protected against employer retaliation to the list of protected activities already contained in § 5.  Thus, an employer may not discharge a temporarily totally disabled employee because he has been absent from work.  The legislature did not, as Wiles suggests, make temporary total disability an absolutely protected status.

---

[3]     The September 1992 version of § 5 was, in all pertinent respects, identical to the version of § 5 in effect at the time of Wiles' termination.

Indeed, the legislature explicitly preserved an employer's ability to terminate an employee who is physically unable to perform his job. After setting out the prohibited acts in § 5(A)(1) and (2), the legislature reiterated in § 5(B) the proviso previously contained in the final sentence of § 5: "[n]o employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties," and even added, for good measure, that "[t]he failure of an employer to rehire or retain any such employee *shall in no manner* be deemed a violation of this section." Okla. Stat. tit. 85, § 5(B) (1993) (emphasis added).

In Pierce, the Oklahoma Supreme Court stated that the statutory proviso in the earlier version of the Act "demonstrates a legislative concern for undue interference with the employment relationship. An employer must operate economically and should be allowed to purchase the services his business requires. The proviso suggests that an employee's physical capacity may constitute a legitimate nondiscriminatory reason for an employment decision." 737 P.2d at 925. Nothing about the legislature's September 1992 amendment of § 5 suggests a retreat from its earlier concern about undue interference with the employment relationship. Therefore, we must reject Wiles' contention that § 5(B)'s proviso simply does not apply to the discharge of an employee who is in a period of temporary total disability.

Likewise, we must also disagree with the district court's conclusion that the proviso applies only to employees who are *permanently* unable to do their assigned duties. The plain language of § 5(B) does not require that the employee be permanently precluded from performing his assigned duties, and the historical language in that subsection has never been interpreted to require an element of permanency. Moreover, as Wiles points out, the meaning of § 5(B) cannot vary with the type of retaliatory discharge claim asserted. If an employer had to show that the employee was permanently unable to perform his assigned duties to defend against a claim that a discharge violated § 5(A)(2), an employer would have to make a similar showing to defend against a claim that a discharge violated § 5(A)(1). We see no indication in the September 1992 amendment that the Oklahoma legislature intended to make such a radical change in the meaning of the proviso contained in § 5(B). Therefore, we conclude that an employer need not establish an employee is permanently unable to perform his assigned duties in order to legitimately discharge the employee in accordance with § 5(B).[4]

_____

[4]     This conclusion effectively moots Wiles' argument that the district court did not have jurisdiction to determine whether he had become permanently disabled for purposes of applying § 5(B). In any event, we note that the Oklahoma Court of Appeals has ruled that district courts have exclusive jurisdiction to determine the issues raised by § 5. See Bostwick v. Atlas Iron Masters, Inc., 780 P.2d 1184, 1186 (Okla. Ct. App. 1988).

- 14 -

Wiles concedes that the evidence presented at the summary judgment stage created a factual dispute as to whether Michelin discharged Wiles because he had been absent for twenty-four months, or because he was not able to perform his assigned job duties. In light of our interpretation of the controlling law, this factual dispute was material to the issue of liability. Therefore, the district court properly denied summary judgment to Wiles on the issue of liability. We turn, then, to the district court's denial of Wiles' motion for JMOL.

### III.  Judgment as a Matter of Law

We review the district court's ruling on a motion for JMOL under a standard that is essentially identical to the "genuine issue" requirement in the summary judgment context. See Pendleton v. Conoco Inc., 23 F.3d 281, 286 (10th Cir. 1994). Thus,

> judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. . . . We must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.

Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1450 (10th Cir. 1997).

In moving for judgment as a matter of law, Wiles did not contend that the evidence pointed but one way. Rather, he contended that the reason for the termination reflected by Michelin's evidence was not a legitimate reason under

- 15 -

the Act. The record shows that Michelin presented evidence from which a jury could conclude that Michelin terminated Wiles because his injuries prevented him from doing his assigned duties. We have previously concluded that this constitutes a legitimate reason under the Act for discharging a temporarily totally disabled employee. Therefore, the district court properly denied Wiles' motion for JMOL.

### IV.  Jury Instructions

We turn, finally, to Wiles' challenges to the jury instructions. "In a diversity case, the substance of a jury instruction is a matter of state law, but the grant or denial of a tendered instruction is governed by federal law." Wolfgang, 111 F.3d at 1525. We review a district court's decision whether to give a tendered instruction for an abuse of discretion. See Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 606 (10th Cir. 1997). When, as here, a party has objected to instructions at trial, then we "conduct a de novo review to determine whether, as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." Advantor Capital Corp. v. Yeary, 136 F.3d 1259, 1265 (10th Cir. 1998) (quotation omitted).

On appeal, Wiles objects to the district court's decision to give Instruction Nos. 2, 12, and 13. Instruction No. 2 set forth the statement of the case, including

Wiles' claim that he was terminated based solely upon his absence and Michelin's contention that he was terminated because of his physical inability to return to his assigned job. Instruction No. 12 recited the text of § 5(A)(2) and (B) verbatim and informed the jury that this was the applicable law under Oklahoma's Workers' Compensation Act. Finally, Instruction No. 13, which defined "pretext," informed the jury that for Wiles to prevail, he had to show that the real reason for his termination was his absence, not the reason advanced by Michelin – that he was permanently unable to perform his assigned job duties.

Wiles objects to these instructions on the ground that they incorrectly informed the jury that an employer may legitimately discharge an employee during a period of temporary total disability based on his physical inability to perform his assigned duties. Alternatively, Wiles objects to Instruction No. 12 on the ground that it did not accurately reflect the district court's determination that an employee must be *permanently* unable to perform his assigned duties for an employer to rely on the proviso in § 5(B) as a defense.

Based on our earlier rulings, we reject both of these challenges to the instructions. Instruction No. 12 accurately informed the jury of the applicable law under the Act. Further, while Instruction Nos. 2 and 13 erroneously required Michelin to establish that Wiles was permanently unable to do his assigned duties, this error inured strictly to Wiles' benefit and, therefore, is harmless.

Wiles also challenges the district court's refusal to give a jury instruction on punitive damages. We need not decide whether the district court erred in failing to give an instruction on punitive damages, because the error would be harmless in light of the jury's verdict for Michelin. See Hopkins v. Seagate, 30 F.3d 104, 107 (10th Cir. 1994) (holding that because jury rejected plaintiff's claim, "she was entitled to no remedy, and any error in instructing the jury on available remedies was harmless").

## V. Conclusion

Pursuant to § 5 of Oklahoma's Workers' Compensation Act, an employer may not discharge an employee during a period of temporary total disability solely because of the employee's absence from work. An employer may, however, discharge an employee during a period of temporary total disability because the employee cannot perform his assigned job duties. In this case, the parties presented conflicting evidence, both at the summary judgment stage and at trial, as to the true reason Michelin terminated Wiles. Therefore, the district court properly denied Wiles' motion for summary judgment and his motion for JMOL. Finally, while the court's instructions were not entirely without error, the error was harmless in light of the jury's verdict.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Appellant's motion to certify questions of state law is DENIED.