F I L E D
United States Court of Appeals
Tenth Circuit

JUL 23 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM NEAL CLARK; BILLIE
CLARK, as co-guardian of William
Neal Clark,

      Plaintiffs-Appellants,

v.

NATIONAL UNION FIRE
INSURANCE COMPANY; CLAIMS
MANAGEMENT, INC.,

      Defendants-Appellees.

No. 98-6312
(D.C. No. CIV 97-1390-M)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior District Judge.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs William Neal Clark and Billie Clark, as co-guardian of William Neal Clark, appeal from a jury's verdict finding that defendants [1] National Union Fire Insurance Co. and Claims Management, Inc. (collectively National) were not guilty of bad faith breach of contract in regard to the payment of medical expenses incurred by William Neal Clark following an on-the-job injury. We affirm.

Plaintiffs commenced this action in state court. National removed the action to federal district court on the grounds of diversity. The parties are familiar with the facts and we will relate them only as necessary to our disposition. William Neal Clark, an employee of Wal-Mart, was driving a Wal-Mart van when he struck a semi-truck head on. He was seriously injured and filed a claim for workers' compensation benefits. The workers' compensation court determined that the accident arose out of and in the course of Clark's employment. The court held that National should provide Clark

---

[1] Defendant National Union Fire Insurance Co. is the workers' compensation insurance carrier for William Neal Clark's employer, Wal-Mart Stores, Inc. Claims Management, Inc. is National Union's agent.

"reasonable and necessary medical treatment, care and attention." App. Vol. 1, at 14 (June, 1995 Workers' Compensation Court order at 2).

Clark commenced this action for bad faith breach of contract alleging that National had failed to meet their obligations as ordered. Clark alleged that none of his medical bills or prescription and transportation costs had been paid.

On appeal, Clark raises issues concerning the district court's evidentiary rulings and the jury instructions. Clark contends the district court erred in not admitting (1) testimony of his treating physician regarding his organic brain damage and treatment, (2) documents necessary for him to show National had notice of his medical bills and their duty to pay those bills, (3) billing records of his health providers, and (4) expert testimony that the insurance adjuster was inadequately trained. He also argues that the court erred in giving a jury instruction which placed the burden on him to prove he was covered by workers' compensation without allowing him to introduce workers' compensation records or, in the alternative, instructing the jury that he was covered by workers' compensation insurance. He also argues the district court should have given his requested jury instructions.

We review the trial court's evidentiary rulings for abuse of discretion. <u>See</u> <u>Gust v. Jones</u>, 162 F.3d 587, 592 (10th Cir. 1998). Further, "[i]f we find error in the admission of evidence, we will set aside a jury verdict only if the error

prejudicially affects a substantial right of a party." Coletti v. Cudd Pressure Control, 165 F.3d 767, 776 (10th Cir. 1999) (quotation omitted).

The testimony of Clark's treating physician was properly excluded. Such testimony was sought by way of depositions the physician had given in the workers' compensation case, prior to the time Clark's allegations of bad faith arose and, thus, are irrelevant to Clark's claim that National had failed to pay bills submitted after the date of the workers' compensation order.

An insurer has the "right to contest questionable claims" and, therefore, legitimate litigation conduct is not evidence of bad faith. Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co., 71 F.3d 335, 341 (10th Cir. 1995). Thus, the fact that bills were submitted but not paid prior to the entry of final judgment on his workers' compensation case is irrelevant to the issues here. Clark has not set forth any claim that the litigation in his workers' compensation case was not legitimate. Further, National's policy of requiring that medical bills be resubmitted after liability is established is reasonable. Clark's argument that an insurer can only have this policy if mandated by statute is without merit.

We decline to address Clark's argument that he should have been permitted to introduce an expert to testify that the insurance adjustor was inadequately trained. Clark did not develop this argument in his brief. See American Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

Clark argues that the district court erred in refusing to give his proffered jury instructions.

> In a diversity case, the substance of a jury instruction is a matter of state law, but the grant or denial of a tendered instruction is governed by federal law. We review a district court's decision whether to give a tendered instruction for an abuse of discretion. When, as here, a party has objected to instructions at trial, then we conduct a de novo review to determine whether, as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards.

Wiles v. Michelin N. Am., Inc., 173 F.3d 1297, 1304 (10th Cir. 1999) (quotations and citation omitted).

First, Clark argues the court should not have instructed the jury that he carried the burden of proving he was covered by workers' compensation without permitting him to introduce his workers' compensation records or instructing the jury that he had met that element. Instruction No. 13 correctly stated the essential elements of a bad faith failure to pay claims which includes proof that the claimant was covered by a workers' compensation liability policy and that National was required to pay his claims. However, Instruction No. 2 states that "Clark received a workers' compensation award for his injuries." App. Vol. 1, at 95. Our review of the instructions as a whole and the evidence presented at trial does not persuade us that the jury could have erroneously thought that Clark had failed to show these elements. Although Clark's proposed amendment to the

-5-

instruction may have been helpful to the jury, the court's failure to amend the instruction is, at best, harmless error.

Clark also contends the court should have given his requested instructions. Clark has failed to show how the district court's failure to give his requested instructions prejudiced him. The instructions as given properly guided the jury and correctly stated the controlling law.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge