**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROCKY FORD,

     Plaintiff-Appellant,

v.

RUSSELL FLEMING; DAVID
PADEN; BRAD ROACH; CHAD
MCCARY; WARREN PETERSON;
JAMES GARNER,

     Defendants-Appellees,

  and

CITY OF GREAT BEND, KANSAS;
DEAN AKINGS; BARTON
COUNTY,

     Defendants.

No. 99-3316
(D.C. No. 95-CV-1291-MLB)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this civil rights case, plaintiff-appellant Rocky Ford appeals the district court's entry of judgment in favor of the City of Great Bend (the City), Barton County (the County), and the individual defendants, who are law enforcement officers employed by the City and County. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**BACKGROUND FACTS**

After a confrontation with defendant Russell Fleming (an off-duty City police officer), Ford was arrested for assault and battery by on-duty law enforcement officers, defendants David Paden and Warren Peterson (deputies in the County Sheriff's Department), along with defendants James Garner, Chad McCary, and Brad Roach (City police officers). These officers surrounded Ford, threw him to the ground, pinned him down, handcuffed him, and transported him to the county jail for booking. Defendants Dean Akings (the City police chief) and Fleming did not participate in the arrest.

Ford later filed this action asserting that the County, the City, the police chief, and the individual officers should be held liable for injuries to his back

-2-

and subsequent loss of income because excessive force had been used during his arrest. [1] The district court determined that Ford had failed to provide evidence of illegal policies or customs concerning excessive force and therefore granted summary judgment in favor of the City and County.  See Jantzen v. Hawkins , 188 F.3d 1247, 1259 (10th Cir. 1999) (stating that a local government unit cannot be liable under § 1983 for acts of individuals in their official capacity absent a showing that the individual is executing a policy or custom or establishing such a policy through an exercise of final policy-making authority).  The court also granted Akings' motion for summary judgment, for lack of evidence that he personally participated in the arrest or that he was in any position to intervene in the arrest.  See Mick v. Brewer , 76 F.3d 1127, 1136 (10th Cir. 1996) (defining the scope of the duty to intervene claim in a fellow officer's excessive use of force).

As to the remaining defendants, Ford's excessive force claims were the subject of a lengthy jury trial.  During the course of the trial, the district court dismissed the claim against defendant Fleming, on the grounds that he had not been in proximity to the arrest and also dismissed punitive damage claims, on the grounds of insufficient evidence,  see Fitzgerald v. Mountain States Tel. & Tel.

---

[1]    Ford also claimed wrongful arrest, malicious prosecution, and use of excessive force at the jail and medical center.  On appeal, Ford concentrates only on his claim of excessive force during the course of the arrest and does not challenge the district court's entry of summary judgment on his other claims.

Co., 68 F.3d 1257, 1263 (10th Cir. 1995) (requiring evidence of malicious, willful, and gross disregard of a plaintiff's civil rights to support a punitive damage award).

At the close of the evidence and argument, the jury determined that the arresting officers did not "perform[] an act or acts which operated to deprive Ford of his federal Constitutional right by using excessive force against him in effecting his arrest." R., Vol. 1-H, tab 68, at 2205. The court, therefore, entered judgment in favor of all defendants on all claims. Later, it denied Ford's motion for alteration and amendment of judgment and for a new trial, pursuant to Fed. R. Civ. P. 59. This appeal followed.

## DISCUSSION

On appeal, Ford challenges the district court's: (1) rulings concerning the admissibility of the decision denying Ford's workers' compensation claim and the propriety of his proposed arguments based on the denial; (2) entry of summary judgment in favor of the City, County, Akings, and Fleming; and (3) refusal to submit his claims for punitive damages and lost future income to the jury. He also argues that the district court erred in denying his motion for a new trial.

We review the questioned evidentiary rulings for abuse of discretion. See, e.g., National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc., Nos. 99-6007, 99-6008, 2000 WL 1040451, at *9 (10th Cir. July 28, 2000).

In the instant case, Ford attempted to establish that defendants were responsible for his back problems by showing that his workers' compensation claim had been denied, based on a finding that his back injury occurred during the arrest, not at work. To bolster his evidence, he sought to argue that defendants in this case were bound by that finding because defense counsel's law firm had represented his former employer in the workers' compensation action.

We find no abuse of discretion in the district court's determination to exclude the workers' compensation finding pursuant to Fed. R. Evid. 403, in that its probative value was outweighed by the potential for confusion and unfair prejudicial effect. See Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). Furthermore, Ford's attempt to bind these defendants to the workers' compensation finding borders on the frivolous. Any inconsistency in result arose from Ford's own decision to make conflicting claims in two legal proceedings, not defense lawyers' tactics.

A grant of summary judgment is "reviewed de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." James Barlow Family Ltd. Partnership v. David M. Munson, Inc., 132 F.3d 1316, 1319 (10th Cir. 1997) (citation omitted). Concerning entry of summary judgment in favor of the County, City, and Akings, in his capacity as police chief, we have found no error in the district court's analysis.

Additionally, "[i]t is well established . . . that a municipality cannot be held liable under section 1983 for the acts of an employee if a jury finds that the municipal employee committed no constitutional violation." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316, 1317-18 (10th Cir. 1998) (distinguishing instance in which a general verdict form made it impossible to determine the grounds for the jury's defense verdict). We have examined the entire trial record without finding a reason to question the jury's explicit determination that no constitutional violation had occurred. Thus, the jury verdict forecloses Ford's excessive force claim against the governmental entities.

Ford also challenges the district court's entry of judgment on his failure to intervene claims against Police Chief Akings and Officer Fleming. Here again, these claims are precluded by the jury's conclusion that no constitutional violations took place. See Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997) (determining that, where appellate court concluded that no constitutional tort had occurred, defendants accused of failing to intervene could not be liable).

Ford's third argument on appeal concerns the court's refusal to instruct the jury on awarding lost income damages and punitive damages. We need not decide whether the district court erred in failing to give these instructions, because any error would be harmless in light of the jury's verdict in favor of defendants. See

-6-

<u>Wiles v. Michelin N. Am., Inc.</u>, 173 F.3d 1297, 1304 (10th Cir. 1999) (citing <u>Hopkins v. Seagate</u>, 30 F.3d 104, 107 (10th Cir. 1994)).

We review Ford's final argument, that the district court erred in denying his motion for new trial, under an abuse of discretion standard. <u>See</u> <u>Anaeme v. Diagnostek, Inc.</u>, 164 F.3d 1275, 1284 (10th Cir.), <u>cert. denied</u>, 120 S. Ct. 50 (1999). Based on our examination of the record, we cannot say that the district court abused its discretion in denying this motion.

For the reasons stated above, the judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge