**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2400
_____

GILBERT WRAITH,
              Appellant

v.

WAYFAIR, INC.; WAYFAIR, LLC


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-20-cv-06054)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(September 6, 2024)

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges*.

(Filed: September 11, 2024)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Gilbert Wraith appeals a summary judgment entered in favor of his former employer, Wayfair. We will affirm.

I

Wayfair is a national furniture retailer. In October 2019, Wraith began working as a Warehouse Associate for Wayfair in Cranbury, New Jersey. He was paid $15.50 per hour to "[u]nload and receive inbound furniture orders," which "require[d] manually moving large, heavy goods." App. 273. As a Warehouse Associate, Wraith had to "be comfortable repeatedly lifting up to 75 pounds unassisted and maneuvering product 150+ pounds unassisted or via team lift." *Id.* Indeed, in the one-page explanation of the job, this requirement—the ability to lift up to 75 pounds unassisted—appears twice: at the top of the bullet-point lists of "What You'll Do" and "What You'll Need" as a Warehouse Associate. *Id.* (boldface removed).

Unfortunately, Wraith was injured on the job on February 3, 2020. As Wraith testified, his right shoulder "just stopped working," which "was extremely painful." App. 137. Afterward, he "couldn't lift [his] shoulder and it was extremely painful all the time." *Id.* Paperwork from doctor's appointments on February 4, February 7, and February 14 noted only that Wraith could "not return to work." App. 301, 308, 320. For each

appointment, the doctor left blank the part of the form used to note potential accommodations and likewise did not suggest any possible return date. *Id.*[1]

Wayfair terminated Wraith's employment on February 18, after he had used up all his leave time. At the same time, the company told Wraith he was eligible for re-hire if he re-applied after recovering. On May 4, Wraith's doctor cleared him to return to work, but Wraith chose not to re-apply to Wayfair.

Wraith sued Wayfair in New Jersey state court, alleging violations of three state laws: (1) the Law Against Discrimination; (2) the Worker's Compensation Act; and (3) the Paid Sick Leave Law. Wayfair removed the case to federal court based on diversity of citizenship and filed a motion for summary judgment. The District Court granted the motion, and Wraith timely appealed.[2]

## II

We review the District Court's summary judgment de novo. *See Freedom From Religion Found., Inc. v. Cnty. of Lehigh*, 933 F.3d 275, 279 (3d Cir. 2019). The District Court granted summary judgment after finding "no genuine dispute as to any material fact" and because Wayfair was "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## A

---

[1] A doctor's note from March 19 similarly stated that Wraith was "[u]nable to do any work" due to a "total temporary disability." App. 333. It estimated that Wraith could return to full duty only "[a]fter [his] next follow up," on an unspecified date. *Id.*

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

We begin with Wraith's claim under New Jersey's Law Against Discrimination. N.J. Stat. Ann. § 10:5-1 *et seq.* That law makes it "an unlawful employment practice to deny to an otherwise qualified person with a disability the opportunity to . . . maintain employment . . . solely because such person is a person with a disability," N.J. Stat. Ann. § 10:5-29.1, "unless the nature and extent of the disability reasonably precludes the performance of the particular employment," N.J. Stat. Ann. § 10:5-4.1. Thus, to establish a prima facie case of discriminatory discharge or failure to accommodate, Wraith had to demonstrate that he was qualified to perform the essential functions of the job, with or without reasonable accommodations. *See Victor v. State*, 4 A.3d 126, 141–42 (N.J. 2010) (discriminatory discharge); *Richter v. Oakland Bd. of Educ.*, 252 A.3d 161, 172–73 (N.J. 2021) (failure to accommodate).

We agree with the District Court that Wraith could not perform the essential functions of a Warehouse Associate after his injury. In determining what counts as an essential job function, New Jersey law places great weight on the written job description. *See Raspa v. Off. of Sheriff*, 924 A.2d 435, 443–44 (N.J. 2007). Here, Wraith understood the duties of a Warehouse Associate at the start of his employment. The written job description stipulated that the position required "repeatedly lifting up to 75 pounds unassisted"—and maneuvering over 150 pounds "unassisted or via team lift." App. 273.

Yet Wraith testified that, in the week after the injury, he was able to lift only "[m]inimal weight"—such as a "[c]ell phone"—with his right shoulder. App. 402–03. None of the medical records from the weeks after his injury indicated when Wraith might be able to return to work. And although the medical forms provided check boxes to

4

indicate any "restrictions" (such as "[l]eft handed duty only") that might allow for a "[r]eturn to work," these were all left blank. App. 301, 308, 320. Wraith "was not qualified to complete the required tasks included in his job description, even with . . . accommodation." *Wraith v. Wayfair, Inc.*, 2023 WL 4488045, at \*4 (D.N.J. June 12, 2023).

## B

The District Court also granted Wayfair summary judgment as to Wraith's claims that the company retaliated against him for: (1) seeking workmen's compensation benefits, *see* N.J. Stat. Ann. § 34:15-39.1; and (2) using sick leave, *see* N.J. Stat. Ann. § 34:11D-4.

We will affirm because Wraith sets forth no facts tending to show that he was "discharged in retaliation for making" his workmen's compensation claim. *Hejda v. Bell Container Corp.*, 160 A.3d 741, 751 (N.J. Super. Ct. App. Div. 2017) (cleaned up). Indeed, Wraith admitted that Wayfair "filed for Workmen's Compensation benefits on [his] behalf," ensuring that he received his benefits. App. 144. Moreover, this case is different from *Cerracchio v. Alden Leeds, Inc.*, 538 A.2d 1292 (N.J. Super. Ct. App. Div. 1988), which Wraith cites to support his position. There, the employee was told: "if you weren't such a troublemaker you would still have a job here." *Id.* at 1295. Wraith identifies no comparable animus or suggestion that he was fired because he sought workmen's compensation benefits.[3]

---

[3] The Wayfair human resources employee's comment that "Workers Comp is NOT a protected leave," App. 22, does not mean that Wayfair was "discriminating against

Rather, the record indicates that Wraith was fired because he could no longer do the job. And New Jersey courts have "rejected" the argument that a job must "be held open until the worker has recovered from [a] work related injury." *Malone v. Aramark Servs., Inc.*, 760 A.2d 833, 837 (N.J. Super. Ct. Law. Div. 2000) (citing *Galante v. Sandoz, Inc.*, 483 A.2d 829 (N.J. Super. Ct. App. Div. 1984)). "[A]n indefinite unpaid leave is not a reasonable accommodation, especially where the employee fails to present evidence of the expected duration of her impairment." *Svarnas v. AT&T Commc'ns*, 740 A.2d 662, 673 (N.J. Super. Ct. App. Div. 1999). Here, Wraith used all the leave he had acquired during his few months on the job. And only after Wraith had used up all his leave did Wayfair terminate him. This record lacks the necessary "evidence" that Wraith's filing of a claim for benefits "entered into the decision" to terminate him. *Galante v. Sandoz, Inc*, 470 A.2d 45, 47 (N.J. Super. Ct. Law. Div. 1983), *aff'd*, 483 A.2d 829 (N.J. Super. Ct. Ap. Div.).

Nor does Wraith cite facts from which a jury could conclude that Wayfair fired him in retaliation for using his paid sick leave. As the District Court noted, his speculation and conclusory allegations do not suffice. *See* Wraith, 2023 WL 4488045, at *8. So we will affirm as to his paid sick leave retaliation claim as well.

\* \* \*

No reasonable jury could find for Wraith on any of his claims. We will accordingly affirm the District Court's summary judgment.

---

[Wraith] because he claimed workers' compensation benefits." *Carter v. AFG Indus. Inc.*, 782 A.2d 967, 972 (N.J. App. Div. 2001).

6