Gail HOPKINS, Plaintiff–Appellant,

v.

SEAGATE, formerly Magnetic Peripherals, Inc., a Delaware corporation doing business in the State of Oklahoma, Defendant–Appellee.

No. 91–6122.

United States Court of Appeals,
Tenth Circuit.

July 19, 1994.

Lewis Barber, Jr. and Guinise Marshall, of Barber & Marshall, P.A., Oklahoma City, OK, for plaintiff-appellant.

Karen E. Ford and James P. Baker, of Littler, Mendelson, Fastiff & Tichy, San Francisco, CA, for defendant-appellee.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff appeals from the district court's dismissal of her claims under 42 U.S.C. § 1981 and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (ERISA), and the jury verdict against her on the remaining Oklahoma state law claim of retaliatory discharge. She also alleges reversible error relating to jury instructions. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

Plaintiff's claims arose from a February 8, 1988, on-the-job injury for which she filed for worker's compensation benefits. Following the accident of February 8, 1988, plaintiff

sought medical treatment for her injury, but did not return to work for any appreciable length of time following the accident. As of June 23, 1988, plaintiff was released for work by all physicians who had examined her. Defendant's company policy mandated that an employee be evaluated by the company physician before returning to work after an injury. According to defendant's human resources personnel, plaintiff failed to comply with company policy requiring her to provide documentation and information during her absence from work, and she failed to cooperate with defendant's efforts to accomplish the requisite medical examination. On July 19, 1988, defendant placed plaintiff on suspension; she was fired on September 1, 1988.

## 1. Dismissal of 42 U.S.C. § 1981 Claim

Plaintiff's complaint included a claim that her employment was terminated based on her race, in violation of the Civil Rights Act, 42 U.S.C. § 1981. The district court dismissed the claim pursuant to *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), because plaintiff's claim of discrimination was not based on the formation of a contract, but on the termination of the employment relationship.[2] While this appeal was pending, the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071–1100, was enacted on November 21, 1991 (1991 Act). Section 101 of the 1991 Act includes termination of contracts in the protections afforded by 42 U.S.C. § 1981, overruling *Patterson*. Plaintiff argues that the 1991 Act is to be applied retroactively. The Supreme Court recently resolved this issue against plaintiff, holding that "§ 101 does not apply to preenactment conduct." *Rivers v. Roadway Express, Inc.,* —— U.S. ——, ——–——, 114 S.Ct. 1510,

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** Defendant argues that plaintiff's voluntary dismissal of her Title VII claim precludes her claim under § 1981. Although the elements of each cause of action have been construed as identical for claims arising out of the same facts, *Skinner*

*v. Total Petroleum, Inc.,* 859 F.2d 1439, 1444 (10th Cir.1988), the record indicates the flaw in the Title VII claim was procedural, rather than substantive. The present record does not establish that plaintiff's Title VII claim was meritless, a conclusion necessary for the inference that her § 1981 claim must also be meritless. Furthermore, claims under Title VII and § 1981 are separate causes of action. *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263, 274 (10th Cir.1975).

1519–20, 128 L.Ed.2d 274 (1994); *accord Simons v. Southwest Petro–Chem, Inc.*, 28 F.3d 1029, 1030 (10th Cir.1994).

Plaintiff's claim under § 1981 is therefore governed by *Patterson.* "[T]he right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Patterson*, 491 U.S. at 177, 109 S.Ct. at 2372. Consequently, plaintiff's § 1981 claim based on discriminatory discharge was properly dismissed.

### 2. Dismissal of ERISA Claim

■ At the close of plaintiff's evidence, the district court granted defendant's motion to dismiss plaintiff's claim that defendant had interfered with her rights to long term benefits under ERISA, finding defendant was unaware that plaintiff intended to claim long term disability. The district court's findings of fact " 'shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' " *Salve Regina College v. Russell*, 499 U.S. 225, 233, 111 S.Ct. 1217, 1222, 113 L.Ed.2d 190 (1991) (quoting Fed.R.Civ.P. 52(a)); *accord Amoco Prod. Co. v. Western Slope Gas Co.*, 754 F.2d 303, 309 (10th Cir.1985). "A finding of fact is not clearly erroneous unless 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting *Le-Maire ex rel. LeMaire v. United States*, 826 F.2d 949, 953 (10th Cir.1987)). Our review of issues of law is de novo. *Las Vegas Ice*, 893 F.2d at 1185.

■ Plaintiff relies on 29 U.S.C. § 1140:

It shall be unlawful for any person to discharge . . . a . . . beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, . . . or for the purpose of interfering with the attainment of any right to which such

participant may become entitled under the plan . . . .

Plaintiff apparently distinguishes a possible future entitlement to benefits from a present right to receive benefits. *See* appellant's br. at 10. Either way, the issue is whether she was fired to prevent her from receiving benefits. *See Phelps v. Field Real Estate Co.*, 991 F.2d 645, 649 (10th Cir.1993) ("[Plaintiff] was required to prove, by a preponderance of the evidence, that his discharge was motivated by an intent to interfere with employee benefits protected by ERISA." (footnote omitted)); *Meredith v. Navistar Int'l Transp. Corp.*, 935 F.2d 124, 127 (7th Cir.1991) (plaintiff must establish that he was terminated " 'because of a specific intent to interfere with ERISA rights . . .; no action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination.' " (quoting *Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 896 (9th Cir.1990))).

All of the medical evidence available prior to termination of plaintiff's employment indicated that she was able to return to work. The district court determined that the medical evidence did not "put defendant on notice that a tenable question of long term disability was presented." Order with Findings at 1–2. From that finding we conclude that since defendant had no reason to suspect that plaintiff was disabled, her claim to disability benefits was not a motivating factor behind the termination. Furthermore, it is undisputed that plaintiff did not apply for long term disability benefits. Therefore, we determine that the district court's dismissal of the ERISA claim was not clearly erroneous.

### 3. Jury Instructions

■ Plaintiff next asserts error in the district court's refusal to instruct the jury that reinstatement of her employment was an available remedy. A prerequisite to any remedy, however, was a jury verdict that plaintiff was fired because she filed a worker's compensation claim. Okla.Stat. tit. 85, § 6 ("An employee *discharged in violation of the Worker's Compensation Act* shall be entitled to be reinstated to his former position." (emphasis added) (footnote omitted)). By its

verdict against her, the jury rejected plaintiff's retaliatory discharge claim. Therefore, she was entitled to no remedy, and any error in instructing the jury on available remedies was harmless. *See Lusby v. T.G. & Y. Stores, Inc.*, 796 F.2d 1307, 1310 (10th Cir.) ("The error is harmless when the erroneous instruction could not have changed the result of the case."), *cert. denied*, 479 U.S. 884, 107 S.Ct. 275, 93 L.Ed.2d 251 (1986).

■ Plaintiff also claims that the district court improperly announced to the jury that the ERISA claim had been removed from the case, arguing that she was thereby prevented from presenting evidence relevant to her retaliatory discharge claim. Evidence relevant to the retaliatory discharge claim was admissible, even if it was also pertinent to the ERISA matter. *See* Fed.R.Evid. 402 ("All relevant evidence is admissible. . . ."). Despite her claims of prejudice, plaintiff can point to no evidence that was proffered but excluded on the ground that it pertained to the ERISA claim.[3]

Moreover, the announcement itself was not improper. "When the judge made the remark, some explanation of the [dismissal of the ERISA claim] was necessary." *See Jamison v. McCurrie*, 565 F.2d 483, 486 (7th Cir.1977). The district court's neutral statement correctly stated the status of the ERISA claim, and did not prejudice plaintiff.

### 4. Motion for Judgment Notwithstanding the Verdict

■ The jury returned a verdict against plaintiff on her claim of retaliatory discharge, brought under Okla.Stat. tit. 85, § 5. She now appeals the district court's denial of her motion for judgment notwithstanding the verdict. We may find error in the district court's denial of a motion for judgment notwithstanding the verdict "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found; we must construe the evidence and inferences most favorably to the nonmoving party." *Zimmerman v.*

*First Fed. Sav. & Loan Ass'n*, 848 F.2d 1047, 1051 (10th Cir.1988); *accord Ralston Dev. Corp. v. United States*, 937 F.2d 510, 512 (10th Cir.1991).

■ "[Plaintiff] wants us to reweigh the evidence; this we cannot do." *See Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir.1992) (review for substantial evidence). In this case, there was evidence that defendant fired plaintiff for reasons other than to retaliate against her for filing a worker's compensation claim. Both human resources managers who supervised plaintiff's case testified that the worker's compensation claim did not affect their recommendations to terminate plaintiff's employment. Appellee's supp. app., excerpt of Mr. Harkins' testimony at 171; excerpt of Ms. Meador's testimony at 354. They testified that she was fired for failing to comply with company policy requiring her to call in each week she was off work, for failing to submit required documentation, and for failing to attend various doctor's appointments that had been arranged for her. *Id.*, excerpt of Mr. Harkins' testimony at 131; excerpt of Ms. Meador's testimony at 322–23, 353. In addition, plaintiff experienced no unfavorable treatment following her prior worker's compensation claim. *Id.*, excerpt of plaintiff's testimony at 269.

Construing the evidence and inferences most favorably to defendant, we cannot say that the evidence upholds only plaintiff's claims; the evidence supports the jury's verdict. Consequently, the district court properly denied the motion for judgment notwithstanding the verdict.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

3. As noted by the district court, plaintiff's claim of permanent disability is at odds with her claim that she was wrongfully discharged. Okla.Stat. tit. 85, § 5 provides that "no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties."