2002 OK 13

**Arlando REDRICKS, Appellant,**

**v.**

**INDUSTRIAL VEHICLES INTERNATIONAL, INC., Appellee.**

**No. 94,784.**

Supreme Court of Oklahoma.

Feb. 26, 2002.

Rehearing Denied April 9, 2002.

Jean Walpole Coulter, Jean Walpole Coulter and Associates, Inc., Tulsa, OK, Brian A. Curthoys, Tulsa, OK; Attorneys for Appellant.

Thomas H. Hull, Tulsa, OK; Attorney for Appellee.

WINCHESTER, J.

¶1 The issue before this Court is whether an employer's termination of its employee was in violation of 85 O.S.Supp.2000, § 5(B).[1] We hold that the statute, which represents the public policy of the state, was violated by the employer.

¶2 The appellant, Arlando Redricks, suffered a work-related injury on April 6, 1998, for which he received treatment. He returned to work on April 13, 1998, for three hours, but left again because of his injury.

1. Title 85 O.S.Supp. § 5(B) provides: "No person, firm, partnership, corporation, or other entity may discharge any employee during a period of temporary total disability solely on the basis of absence from work."

His employer, the appellee, Industrial Vehicles International, Inc., required employees who were off work due to illness, to call in daily prior to 9:00 a.m. to receive sick pay.[2]

¶ 3 Redricks called his employer each day prior to 9:00 a.m. between April 13 and April 23, to report he would not be coming to work because of his injury. Redricks' supervisor, Arthur Hammer, testified during the trial that on April 20, he penned a note that he distributed to his machine shop personnel requiring them to call before 9:00 a.m. every day if they are gone for any reason, and if they did not call for five days, they could be terminated from employment.[3] On April 23, Redricks' treating physician provided him a "Certificate of Disability" stating that he should remain off work indefinitely. Redricks took this document to his employer. After that date, Redricks did not call in each day to report that he would be absent for that day. On May 27, 1998, Hammer sent a letter to Redricks, which stated:

"Since you have failed to call before 9 AM each morning, and have not contacted us in any way, we have concluded that you have discontinued to work for IVI.

"We are, therefore, no longer considering you to be an employee of IVI.

"I wish you the best and prosperous future."

¶ 4 Redricks testified that he received temporary total disability benefits from the workers' compensation carrier for Industrial Vehicle International from the beginning of June to the end of July in 1998. Those payments covered the dates of April 23, 1998, to July 27, 1998. He testified that he did not call in after April 23 because his employer knew he would not be working for an indefinite period of time, and he was not trying to

get sick pay. He testified that he was never provided anything to indicate that if he failed to call in before 9:00 every morning, he would be terminated. When he took the letter from his doctor to his employer on April 23rd, he was not given any document by his supervisor that day. He testified that when he received the letter from his employer terminating him, he was shocked because he did not know a person could be fired while under medical leave for a work-related injury. After a bench trial, the trial court concluded that Redricks was terminated "for failure to call in or contact the employer," and accordingly, the employer's reason for the termination was neither retaliatory nor pretextual.

¶ 5 This Court has held that an employer is not obligated in an employment-at-will contract to prove good faith or fair dealing when its employee is terminated. The employment contract may be terminated without cause at any time without incurring liability for a breach of contract. *Burk v. K-Mart Corp.*, 1989 OK 22, ¶¶ 4, 6, 770 P.2d 24, 26. *Burk* observes that there are statutory exceptions to this rule, and one of the exceptions specifically mentioned in footnote 4 is found in § 5 of title 85, that is, an employee has a statutory right to file a workers' compensation claim and the employer may not discharge the employee for exercising that right. If discharged, the employee may recover damages from the employer. *Burk*, 1989 OK 22, ¶ 6, n. 4, 770 P.2d at 26, n. 4. This exception is considered public policy because it is articulated by statute. *Burk*, 1989 OK 22, ¶ 17, 770 P.2d at 28.

¶ 6 The statute provides: "No person, firm, partnership, corporation, or other entity may discharge any employee during a

---

2. The employer's policy provided:

"The purpose of sick leave is to prevent loss of salary for short periods because of ill health, injury or disability. I.V.I. grants sick leave for actual sickness of the employee and immediate family only.

"I.V.I. does not have a policy of demanding proof of an illness but reserves the right to do so if abuse of this benefit becomes apparent. To prevent any possibility of misunderstanding an employee should inform his department head by 9:00 am of his absence due to sickness. An employee who does not report his sickness to his supervisor by 9:00 am will revceive [sic] a paid sick day." Plaintiff's Exhibit 7.

3. The note provides:

"Machine Shop
   "Phone Ext. 23
"If you are sick, or not coming to work for some reason, you need to call every day before 9:00 AM. I[sic] you do not call for 5 days, we consider that you have discontinued to work for I.V.I.
      "Arthur Hammer"

period of temporary total disability solely on the basis of absence from work." The parties do not contest that Redricks was discharged during a period of temporary total disability while absent from work.

¶ 7 The trial court cited *Hopkins v. Seagate*, 30 F.3d 104 (10th Cir.1994), as persuasive authority for its judgment. In that case, along with federal claims under the Civil Rights Act and Employee Retirement Income Security Act, an employee filed a claim for retaliatory discharge pursuant to Oklahoma state law. The United States District Court for the Western District of Oklahoma entered judgment on a jury verdict against the employee. In affirming the judgment, the 10th Circuit observed evidence existed supporting the fact that the employer fired the employee for reasons other than to retaliate against her for filing a worker's compensation claim. Witnesses for the employer testified that the employee was fired for failing to comply with company policy requiring her to call in each week she was off work, for failing to submit required documentation, and for failing to attend various doctor's appointments that had been arranged for her. The court further observed that the employee experienced no unfavorable treatment following her prior worker's compensation claim. *Hopkins*, 30 F.3d at 107.

¶ 8 The appellee, Industrial Vehicles International, argues in its response to the petition for certiorari, that the *Hopkins* case has almost identical facts to those of the case now before this Court. We cannot agree with the employer's assessment. The employee in *Hopkins* failed to comply with company policies that required her to call in each week she was off work, to submit certain documentation and to attend required doctor's appointments. In contrast, I.V.I. terminated Redricks because he failed to call in every morning before nine o'clock, even though he had submitted a "Certificate of Disability" signed by his treating physician, which stated that he should remain off work indefinitely. Redricks' termination was not based on I.V.I.'s written sick leave policies, but rather on a requirement reduced to writing by his supervisor while Redricks was absent because of his work-related injury.

¶ 9 The trial court determined that the weight of the evidence did not support a finding that the worker's compensation claim was a significant factor in the employer's decision to terminate Redricks, nor did it support a finding that the reason for his termination, failure to call the employer each day, was a pretext for the termination. I.V.I. explained its justification for this policy in its answer brief. It asserted that the purpose of the policy was to allow the company to schedule substitute personnel in light of the absence and to determine whether the absentee was still present in the community and intended to continue employment. Given the public policy involved, we find that a requirement reduced to writing but never sent to an absent employee, who was exercising a statutory right, is unduly burdensome given the employer's justification for the requirement. The employer knew from the "Certificate of Disability" that the employee would be out indefinitely. Requiring the employee to call every day after being given such notice violates the rights protected by the statute. Accordingly, we reverse and remand for determination of damages pursuant to 85 O.S.1991, § 6.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT REVERSED AND REMANDED.

¶ 10 ALL JUSTICES CONCUR.