**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOUISE GILBERTSON,

       Plaintiff-Appellant,

v.

ALLIEDSIGNAL, INC.; LIFE
INSURANCE COMPANY OF
NORTH AMERICA,

       Defendants-Appellees.

No. 05-2248
(D.C. No. CIV-99-1065 LH/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

Plaintiff Louise Gilbertson sued AlliedSignal, Inc. (Allied) and Life

Insurance Company of North America (LINA) arising from the denial of

long-term disability benefits in violation of the Employee Retirement Income

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* In *Gilbertson v. AlliedSignal, Inc.*, 328 F.3d 625 (10th Cir. 2003), we remanded the case to the district court for *de novo* review of her claim of eligibility for benefits. The district court denied her claim and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**Background**

The relevant facts are set forth in detail in *Gilbertson*. Briefly, plaintiff began working for Allied as an administrative support coordinator in 1992. In early 1997, plaintiff began experiencing symptoms of what was later diagnosed as fibromyalgia. However, she did not seek any medical treatment until March, 1998, when she complained to her family physician, Gwenn Robinson, about chronic pain, headaches, and difficulties sleeping and concentrating. Following Dr. Robinson's diagnosis of fibromyalgia, she took short-term disability leave through September 30, 1998, when her employment was terminated.

Shortly thereafter, plaintiff applied for long-term disability benefits under Allied's pension plan, which is covered by ERISA. The plan gives Allied the discretion to administer the plan, interpret its terms, and delegate its authority to third parties such as LINA, who was hired to administer the plan and to determine eligibility for benefits.

Allied's plan defines "disability" as:

[A]ny physical or mental condition which, in the judgement of the [p]lan [a]dministrator, based on evidence satisfactory to the [p]lan [a]dministrator–
(a) will prevent the [claimant] from engaging in [her] normal occupation or a substantially comparable occupation; and
(b) will prevent the [claimant], after [she] has been disabled for two years, from performing any occupation for which [she] is suited by training and education.

Aplt. App. at 108.

Allied's summary plan description explains that a claimant is "considered disabled if [she] provide[s] medical evidence satisfactory to the [plan administrator] that [she is]: unable to engage in [her] normal occupation (or a comparable occupation); and after two years of disability, [she is] unable to engage in any occupation for which [she is] trained and educated." *Id*. at 216. Further, a claimant qualifies for benefits if "[f]or the two years immediately following [her] last day worked, [she is] unable to perform the duties of [her] normal job or substantially similar duties." *Id*. 219.[2]

After reviewing records from Dr. Robinson and a chiropractor, Jeffrey Bender, LINA denied plaintiff's application for long-term disability benefits. In its December 9, 1998 denial letter, LINA explained in detail that although it

---

[2]     Plaintiff argues that the summary plan description controls and requires only that the applicant is unable to perform the duties of her normal "job" as opposed to her normal "occupation." Aplt. Br. at 5-6. We do not resolve the conflict, if any, between the meaning of these two words because the district court applied the word "job" in its analysis.

-3-

appeared that she had symptoms of fibromyalgia, there was no objective medical evidence that demonstrated that she was totally disabled as defined by the plan. In particular, LINA noted the lack of any evidence as to how fibromyalgia affected her ability to work. LINA informed her of the right to review and extended the deadline for her to submit additional medical evidence through March, 1999. As part of her new materials, her lawyer submitted an additional report from her chiropractor, statements from her family and friends, and a letter and records of appointments with Dr. Robinson.

In May, 1999, LINA sent plaintiff's entire medical file to a consulting physician, Thomas Franz. Although Dr. Franz agreed with the diagnosis of fibromyalgia, he concluded that the limitations placed on her ability to function, particularly by her chiropractor, were "really implausible not only for fibromyalgia but for independent living in the community" and "more characteristic of a person being cared for in a nursing facility." *Id*. at 316. For this and other reasons, Dr. Franz recommended an independent medical examination, including an assessment of her functional capabilities.

But LINA never communicated with plaintiff until August 17, 1999, when a third-party institution retained by LINA wrote to her that she was scheduled for an appointment on September 9, 1999. She filed her lawsuit on August 25, 1999, and cancelled the appointment.

Applying an arbitrary and capricious standard of review, the district court entered summary judgment in favor of Allied and LINA. On appeal, we held that even though the plan gave LINA discretion to determine eligibility for benefits, the district court should have reviewed the claim *de novo* because LINA failed to make a decision based on the new materials and there was no decision to which the district court could defer. As such, we remanded for *de novo* review of her eligibility for benefits based on the record before LINA at the time she filed her lawsuit. This appeal is from the district court's order on remand denying her claim for benefits.

**Discussion**

Plaintiff argues that the district court failed to conduct a *de novo* review of the evidence, but instead deferred to LINA's previous decision. We disagree. In conducting a *de novo* review, the district court's "role is to determine whether the ERISA plan administrator made a correct decision based on the record before it at the time the decision was made." *Hammers v. Aetna Life Ins. Co.*, 962 F. Supp. 1402, 1406 (D. Kan. 1997). In making this determination, the district court "reviews the administrator's decision without deference to that decision and without any presumption of correctness." *Id.*

Here, the district court discussed and evaluated all of the medical evidence in the record at the time plaintiff filed her lawsuit, which included the

supplemental materials submitted by her lawyer. The fact that she disagrees with the district court's factual findings is not grounds for reversal. To the contrary, "we will not disturb the district court's [factual] determination[s] absent clear error." *Wilcott v. Matlack, Inc.*, 64 F.3d 1458, 1461 (10th Cir. 1995); *Hopkins v. Seagate*, 30 F.3d 104, 106 (10th Cir. 1994) (applying clear error standard to factual findings dispositive of an ERISA claim). In turn, factual findings are clearly erroneous only if they are "without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Hopkins,* 30 F.3d at 106 (quotation omitted). Plaintiff has failed to meet her burden of establishing clear error.

Plaintiff argues that because the evidence reasonably established that she suffers from fibromyalgia, the district court's decision denying benefits was wrong. This argument misses the mark because the district court found that "[i]t is undisputed that [she] suffers from fibromyalgia." Aplt. App. at 468. Instead, what was disputed and resolved against plaintiff was whether she was disabled as defined by Allied's plan. Given the lack of any reasonable medical evidence concerning the severity of her condition or how it affected her ability to work, the district court's finding that she was not disabled was not clear error.

Plaintiff next argues that the district court erred in its interpretation of Allied's plan as requiring something more than subjective evidence of her

eligibility for benefits under the plan. Again, we disagree. On appeal from a district court's *de novo* interpretation of the terms of an ERISA plan, "we apply a de novo standard of review to [q]uestions of law, such as a court's interpretation of an ERISA plan . . . ." *DeBoard v. Sunshine Min. & Ref. Co.*, 208 F.3d 1228, 1242 (10th Cir. 2000) (alteration in original) (quotation omitted).

Allied's summary plan description provides that a claimant is "considered disabled if [she] provide[s] medical evidence satisfactory to the [plan administrator]," Aplt. App. at 216, that she is "unable to perform the duties of [her] normal job," *id*. at 219. The requirement that the medical evidence is "satisfactory may be to say only that it must meet some objective standard – what a reasonable person would find to be satisfactory." *Nance v. Sun Life Assur. Co. of Canada*, 294 F.3d 1263, 1267 (10th Cir. 2002). Whether characterized as objective or reasonable evidence, the result is the same, and the district court's interpretation of the plan as requiring objective evidence was not error.

Last, plaintiff argues that the district court erred in not permitting her to supplement the record with additional materials that were not part of LINA's file when she filed her lawsuit. In particular, she claims that the district court should have considered: (1) a September 30, 1998 report from a physician, Frank O'Sullivan, who concluded that she had fibromyalgia; (2) a November, 1998 evaluation from a consulting physician, Leonore Herrera, who examined her in

connection with her application for social security disability benefits, and who also concluded that she had fibromyalgia; and (3) a September 1999 decision from an administrative law judge (ALJ), who concluded that she was eligible for social security disability benefits due to fibromyalgia and mental problems.

Citing *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1202 (10th Cir. 2002), our remand instructed the district court to allow the parties to supplement the record if necessary to conduct an adequate *de novo* review. *Gilbertson*, 328 F.3d 637 n.6. *Hall,* in turn, provides that the district court may allow supplementation of the record "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Id*. at 1202 (quotation omitted). "[I]t is the unusual case in which the district court should allow supplementation of the record" . . . and "[t]he party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's de novo review." *Id*. at 1203. Moreover, the district court "should only admit the additional evidence if the party seeking to introduce it can demonstrate that it could not have been submitted to the plan administrator at the time the challenged decision was made;" however, "[c]umulative or repetitive" evidence should not be allowed. *Id*.

We review the district court's decision regarding the admission of

additional evidence for an abuse of discretion and we will not disturb the decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotations omitted).

The district court did not abuse its discretion in refusing to consider the reports from Drs. O'Sullivan and Herrera, because they were available prior to the extended deadline allowed by LINA for submission of additional medical evidence, but plaintiff never gave them to LINA. Moreover, their diagnoses of fibromyalgia are cumulative and repetitive.

Likewise, the district court did not abuse its discretion in failing to consider the ALJ's social security decision. Regardless of the differences between the standards for proving an ERISA claim and social security benefits, the ALJ's decision was based in large part on evidence concerning plaintiff's mental condition that was never provided to LINA. Further, plaintiff never asserted a claim for ERISA benefits based on her mental impairments. As such, the district court did not err in refusing to consider the decision because it was not necessary to conduct an adequate *de novo* review.[3]

---

[3] Plaintiff argues for the first time on appeal that because the contract between Allied and LINA requires LINA to obtain information necessary to
(continued...)

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

---

[3](...continued)
determine eligibility for benefits, LINA should have obtained the ALJ's decision and the reports from Drs. O'Sullivan and Herrera. We do not decide the merit, if any, of this argument, because it was not raised below. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (holding that this court will not consider an issue that was not raised below).